No. ———.

STATE OF LOUISIANA *v.* HENRY L. GARLAND.

To use abusive language towards a member of the court and commit an assault upon his person during a recess, and in the court room, under the pretext of resenting what he had said or done when on the bench, is a contempt of court.

An answer by the defendant to the rule to show cause why he should not be punished, which is substantially a justification of his act, must be regarded as an aggravation of the contempt.

ON the trial of this rule for contempt of court, *G. W. Hudspeth*, District Attorney for the Eighth Judicial District, appeared for the State, and *H. L. Garland*, for himself.

TALIAFERRO, J. The District Attorney of the Third Judicial District took a rule against the defendant to show cause why he should not be punished for a contempt of court charged to have been committed by him on the thirteenth of June, 1873, in the following manner : That immediately after vacating the bench for a recess (the court not having adjourned) the defendant approached John T. Ludeling, the Chief Justice, using towards him abusive and vituperative language, and at the same time made a violent assault upon his person. To the rule the defendant filed the following answer :

To the Honorable Judges of the Supreme Court of Louisiana, holding
sessions at Opelousas:

In answer to the rule taken upon me to show cause why I should not
be punished for contempt of your honorable court, I respectfully aver
that, by the words spoken to and acts done towards the Hon. John T.
Ludeling, during the recess of your session on yesterday, I intended
no disrespect of, or contempt for, the tribunal over which you preside.

That the words spoken to and my conduct towards him were not
said and done directly in the presence or hearing of the court during
the sitting of the same, and can not, therefore, be construed or taken
to be a contempt of your honorable court.

After thus meeting the issue tendered to me by your honorable
court, I beg leave to state that in rising on yesterday morning from
my seat, when Judge Ludeling was reading the decision in the case
No. —, entitled John I. Adams & Co. *v.* Pannell Scott et al., my inten-
tion was only to call the attention of the court to the fact that the case
had been submitted on briefs to be filed on that morning, that I had
filed my briefs within the time granted, and that as they were upon
the clerk's desk and had not been taken by him to your honors, the
decision was being rendered without giving me a hearing.

I further beg leave to state that, in thus rising from my seat to give
opportunity to the court to recall the circumstances of the case, I was
acting only for the interest of my client, and not with any intention to
violate the rule (unknown to the bar of this district) that the court
could not be interrupted in any manner or for any cause while reading
its decisions.

And I further beg leave to state that upon this occasion I was rudely
and harshly treated by Judge Ludeling.

That I considered his conduct towards me in the light of a personal
injury, and as such resented it, without intending any contempt of
your honorable court.          Respectfully submitted,

                                        HENRY L. GARLAND.

The facts of the case are that, on the morning of the day set forth in
the rule, while the Chief Justice was reading an opinion of the court,
the defendant, who is an attorney-at-law, rose and said he desired to
call the attention of the court to a decision which had just been ren-
dered.   The Chief Justice said to him that he must not interrupt the
court while opinions were being read.   Garland continued to address
the court, when the Chief Justice directed him to take his seat.   He
did so, but rose again soon after and addressed the court, whereupon
the Chief Justice ordered a fine of ten dollars to be imposed upon him
for a contempt of court.   A short time after the court took a recess.
No adjournment was made.   The judges descended from the bench.
While the Chief Justice was standing in the court room, having been

stopped on his way to the door by a member of the bar, Garland approached him, while all the members of the court were in the room, and, after a short conversation regarding the conduct of the Chief Justice toward him, and in the presence of one at least of the members of the court, the other members of the court having left the room, and in the presence of the officers of the court, many members of the bar and a number of citizens, used abusive language toward and committed a violent assault upon him.

The answer being substantially a justification of the act, we regard it as an aggravation of the contempt.

It is therefore ordered that a fine of one hundred dollars be and the same is hereby imposed upon the said Henry L. Garland, and that he be imprisoned twenty-four hours in the public jail of the parish and pay the costs of these proceedings.