STATE *ex rel.* C. A. MAY *v.* W. H. KRICHBAUM.*

(*Knoxville.* September Term, 1925.)

1. **CONTEMPT.** City judge held authorized to punish for contempt.

Under Priv. Acts 1921, chapter 368, section 4, and Thompson's-Shannon's Code, sections 5918, 5924, and section 5937, subd. 9, city judge of Alton Park is authorized to punish for contempt. (*Post, pp.* 418, 419.)

Acts cited and construed: Acts 1921, ch. 368, sec. 4.

Codes cited and construed: Sec. 5937, subsec. 9; Sec. 5918, 5924 (T.-S.).

2. **CONTEMPT.** Charging city judge with being corrupt before court adjourned held punishable as contempt.

Charging city judge, before court was adjourned, and while he was still in courtroom, with being corrupt, was contempt of court, punishable under Thompson's-Shannon's Code, section 5918, whether court was still in session or in recess. (*Post, pp.* 419-422.)

Cases cited and approved: Commonwealth v. Dandridge, 2 Va. Cas., 408; State v. Garland, 25 La. Ann., 532; Baker v. State, 82 Ga., 776; Steube v. State, 3 Ohio Cir. Ct. R., 383; Ex parte McCown, 139 N. C., 95.

Case cited and distinguished: United States v. Patterson, 26 F., 509.

Code cited and construed: Sec. 5918, subsec. 1. (T.-S.).

3. **HABEAS CORPUS.** Does not lie unless judgment of contempt was void.

Habeas corpus does not lie unless judgment of contempt rendered by city judge was beyond his jurisdiction or otherwise void; error in judgment being insufficient to sustain reversal. (*Post, pp.* 422, 423.)

---

*Assault on or abuse of judge after he has retired from court room, as contempt, see note in 2 L. R. A. (N. S.), 603.

State ex rel. May v. Krichbaum.

Cases cited and approved: State ex rel. v. Herbert, 127 Tenn., 220; Brizendine v. State, 103 Tenn., 677; State ex rel. v. Taxing Dist., 84 Tenn., 240; State v. Galloway, 46 Tenn., 326.

4. **CONTEMPT.** Court may proceed without trial on its own knowledge, where contempt is committed in its presence.

Where contempt is committed in court's presence, court may proceed on its own knowledge of facts, and punish without further proof, issues, or trial in any form. (*Post*, *p. 423.*)

Cases cited and approved: Ex parte Terry, 128 U. S., 289; In Re Hickey, 149 Tenn:, 344.

*Headnotes 1. Contempt, 13 C. J., Section 63; 2. Contempt, 13 C. J., Sections 2, 39; 3. Habeas Corpus, 29 C. J., Section 87; 4. Contempt, 13 C. J., Section 87.

FROM HAMILTON.

Appeal from the Criminal Court of Hamilton County. —Hon. Floyd Estill, Judge.

Joe V. Williams, for May.

Cantrell, Meacham & Moon, for Krichbaum.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a *habeas corpus* case. The defendant, Krichbaum, is mayor and city judge of Alton Park, an incorporated suburb of Chattanooga. As such city judge Krichbaum fined May $5 for contempt of court, and, May refusing to pay this fine, Krichbaum committed him to

jail.  May thereupon brought this *habeas corpus* suit in the criminal court of Hamilton county, and, after a hearing in that court, was discharged.  Krichbaum thereupon appealed.

Two main questions are presented on this appeal: First, Whether Krichbaum had authority, in any event, to punish for contempt; and, second, whether Krichbaum's court was in session at the time of the alleged misbehavior.

We are of opinion that the power of Krichbaum as city judge to punish for contempt in a proper case is clear.

The charter of Alton Park (section 4, chapter 368, of the Private Acts of 1921) provides as follows:

"Be it further enacted, that the mayor of said city of Alton Park shall act as its city judge, or he may appoint any member of the mayor and commissioners to hold said office, either temporarily or permanently, or he may nominate some other person to the city judge, and his nomination of any other person to be confirmed by a majority vote of the mayor and commissioners, and the city judge shall possess, have and exercise all the powers and authority now conferred upon justices of the peace in State cases under the laws of this State; he shall impose fines and penalties, and do and perform all acts as city judge that a justice of the peace could do under the law.  He shall have authority to hear and determine state cases as well as city cases, and his jurisdiction shall be coextensive with the county, that he may accept bonds, bind defendants over to the grand jury and criminal court, collect fines and do and perform all acts that a justice of the peace could perform and tax, collect and

receive the same cost and fees that are allowed justices of the peace in all cases, both State and city cases tried by him. The mayor and commissioners and city judge are hereby exempted from jury duty in Hamilton county, provided they claim this exemption.''

It will be noted that there is vested in the city judge ''all the powers and authority now conferred upon justices of the peace in State cases under the laws of this State.''

By section 5937, subsec. 9, Thompson's-Shannon's Code, justices of the peace are authorized ''to punish persons disturbing them in the discharge of their official duties.''

Section 5918 of Thompson's-Shannon's Code undertakes to regulate the power of the several courts of the State to inflict punishments for contempts, and section 5924, Thompson's-Shannon's Code, provides that ''any officer authorized to punish for contempt is a court with in the meaning of this chapter.''

The foregoing statutes seem to be conclusive of the first question.

The learned criminal judge was of opinion that Krichbaum's court was not in session at the time of the occurrence complained of, and that accordingly the language addressed by May to Krichbaum did not constitute a contempt of court.

Krichbaum appears to have been in the habit of holding night sessions of his court when there was business to attend to. On the night of October 4, 1924, May's father had been arrested for drunkenness and confined in the city jail at Alton Park. May went down to the office of Krichbaum, which likewise appears to be the

city courtroom, and found Krichbaum sitting there engaged in conversation with an attorney. May asked about his father's arrest, and was told that the elder May had been arrested for drunkenness. May then stated that he did not believe his father was drunk, but that he thought Krichbaum just wanted to make a dollar. Thereupon Krichbaum laid hold of May and told May to consider himself under arrest for contempt.

Considerable proof was heard. Krichbaum testified that he had opened court that night and tried two or three cases, and was waiting around to attend to some other business; that his court had not adjourned, but was still in session when the events just detailed transpired. Other proof was heard, and there was quite a controversy as to whether court was in session at this time. The trial judge found the court was not in session.

We do not think it material whether court was in session or in recess when the contemptuous language was used. The court certainly had been in session just prior thereto. The language was addressed to the judge before he left the courtroom, very shortly after he had been hearing cases, before court had adjourned, and while the judge was still in the courtroom in connection with his official duties.

Such an insult—a charge of corruption—offered to the judge "within the verge of the court," as some of the books put it, is, under the authorities, a contempt that may be punished summarily. Without considering the validity of the statutes undertaking to restrict the power of the courts to punish for contempt committed in their presence, we think this case plainly falls under subsection 1 of section 5918, Thompson's Shannon's Code, sanction-

ing the power of the court to punish "the willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice."

In *Commonwealth* v. *Dandridge,* 2 Va. Cas., 408, a respondent interested in the event of a pending suit met the judge on the steps of the courthouse as the latter was returning from his chambers to open court and grossly insulted him, charging him with corruption. This was adjudged to be a contempt amenable to summary punishment.

In *United States* v. *Patterson* (C. C.), 26 F., 509, the respondent assaulted an attorney in the courtroom during a recess of the court, and was dealt with summarily. The court said:

"The mistake of respondent was in assuming when the judge left the bench he might, so far as the court was concerned, proceed to accomplish his purpose of making the assault, supposing that it was only when the judge was upon the bench that any question of contempt could arise. But it must be apparent to every one that this is a misconception, and far too restricted to admit of approval anywhere. A court would deserve the contempt of public opinion if it permitted so narrow a view of its prerogatives to prevail, and could not complain, if, during its recess, the courtroom should be used for a cockpit or a convenient place to erect a prize ring."

In *State* v. *Garland,* 25 La. Ann., 532, the use of abusive language toward a member of the court and an assault upon him during a recess, and in the courtroom, under pretext of resenting what he had said or done while on the bench, was held to be a direct contempt to be summarily punished.

In *Baker* v. *State,* 82 Ga., 776, 9 S. E., 743, 4 L. R. A., 128, 14 Am. St. Rep., 192, it was held that misbehavior affecting public justice in the courtroom, in the presence of the judge, before the expiration of a recess, but after the judge had arrived to resume business, was a contempt in the presence of the court and summarily punishable.

In *Steube* v. *State,* 3 Ohio Cir. Ct. R., 383, it was held that an assault upon the prosecuting attorney by a witness in a pending case, the assault having been made five blocks from the courthouse and growing out of the prosecuting attorney's conduct in the case, was a contempt punishable in summary proceedings.

In *Ex parte McCown,* 139 N. C., 95, 51 S. E., 957, 28 L. R. A. (N. S.), 603, it was held that assault and abuse of a judge after he had retired from the courtroom to his boarding house, upon adjournment subject to notice from the judge, because of his disposition of a case immediately prior thereto, was a direct contempt, punishable summarily. Reference is made to this case for an elaborate review of the authorities.

It must be conceded under our cases that the writ of *habeas corpus* will not lien herein, unless the judgment of contempt rendered by the city judge of Alton Park was beyond his jurisdiction, or for some other reason void. A judgment merely erroneous cannot be reversed in *habeas corpus* proceedings. *State ex rel.* v. *Herbert,* 127 Tenn., 220, 154 S. W., 957; *Brizendine* v. *State,* 103 Tenn., 677, 54 S. W., 982; *State ex rel.* v. *Taxing District,* 84 Tenn. (16 Lea), 240; *State* v. *Galloway,* 45 Tenn., (5 Cold.), 326, 98 Am. Dec., 404.

We are satisfied for the reasons stated that this judgment of contempt pronounced by the city judge was authorized by law, that the contempt was committed so near the presence of the court as to obstruct the administration of justice, and that misbehavior like this is to be considered as in the presence of the court.

Where a contempt is committed in the presence of the court, the procedure adopted in dealing with it is not important. In such a case, where the contempt is in *facie curiæ*, the court may proceed upon its own knowledge of the facts, and punish the offender without further proof, and without issue or trial in any form. *Ex parte Terry*, 128 U. S., 289, 9 S. Ct., 77, 32 L. Ed., 405, 4 Bl. Com., 286; Bacon's Abr. Title Courts, E.

This court was careful to point out in *Re Hickey*, 149 Tenn., 344, 258 S. W., 417, that the insulting language there used with respect to the judge was after the adjournment of court, was remote, and printed in a newspaper.

We have considered other questions raised, but in our view of the matter they do not require discussion.

The judgment of the criminal court must be reversed, and the case sent back to that court, with directions to dismiss the petition for the writ of *habeas corpus,* and to remand the petitioner to the custody of the city court of Alton Park. Petitioner will pay all the costs.