HOWARD-HENDERSON HOSPITAL and DR. B. V. HOWARD v. CAMPBELL COUNTY.

Eastern Section. June 27, 1931.

Petition for Certiorai denied by Supreme Court, October 10, 1931.

E. H. Powers, of Jacksboro, for appellant.

Allen T. Fine, of Jellico, for appellee.

PORTRUM, J. The hospital and Dr. Howard filed a bill to collect an account against Campbell County in the sum of $207.50, for services rendered to one, Richard Hill, who had been sent there by the County Judge and the County Physician for an operation, because of a gunshot wound which had been inflicted upon Hill by a deputy sheriff of Campbell County, who was endeavoring to arrest him upon the charge of housebreaking and larceny.

The bill was demurred to when the complainant amended it, by adding as defendant the County Judge, Sheriff, and County Physician, seeking to hold them individually liable. The demurrer was then overruled and proof was taken.

The proof showed the wounded man had been shot 8 times in the abdomen, and intestines perforated each time, so an operation was imperative. The prisoner recovered and was able to leave the hospital, but within a few months died of tuberculosis. The County Physician was not a skilled surgeon and was unable to perform this operation. After conferring with the Sheriff and the County Judge, it was decided to remove the prisoner to Knoxville for him to receive the proper attention. These officers did not personally guarantee the bill for the services contemplated.

Upon the hearing the Chancellor sustained the demurrer, and dismissed the suit against the individual defendants, and from this decree the complainant has appealed and assigned error against the holding in sustaining the demurrer only.

Section 4 of Chapter 95 of the Acts of 1885 provide:

"Be it enacted, it shall be the duty of the county court, where there are jails in the county, at the first quarterly term after the passage of this act, except in those counties where such officers have already been elected, to elect or appoint a jail physician or health officer, for their respective county, whose duty it shall be to *render* medical and surgical attention to the patients of the county confined therein awaiting trial, or who are under conviction by the court of the county; and who shall hold office until the following January term. . . ."

In Shanon's Code compilation of the laws of Tennessee, Section 3109, Shannon's Code, 1917, the word "order" is used for the italicized word "render" in the above quoted section of the act. This was a typographical error. Thompson's Shannon's Code correctly uses the word "render." This word "order," as found in Shannon's Code, does not authorize the County Physician, or county officer, to order professional services which are contemplated to be rendered by the County Physician.

The provision made by statute for medical attention to prisoners cannot be enlarged without statutory authority. All persons are chargeable with knowledge of the official limitation upon the powers of the county officials. Waters v. Boswell, 152 Tenn., 418. It is said with reason that this man would have died had the officers not provided the attention necessary. This argument should be referred to the Legislature and not to the Court; the Court cannot extend powers of county officers. The county does not provide like imperative services for its citizens; until it does it is not a heartless act to deny such services to a criminal. A physician, like an attorney, is under a duty to the public, and should render emergency services to a pauper in a case of this character. The physician recognizes this, and his bills are not uniform. Those more able to pay are charged a larger bill in order to take care of the unfortunate, and the Court countenances this policy. The complainant has no just grounds in this case. The case of Beck v. Puckett, 2 Tenn. Cases, 496, is not in point. There the county contracted for the preservation of its records in the register's office; this was upheld upon the ground of the police power and as a power to insure its own preservation. We find no error in the judgment of the lower court, and the decree is affirmed with costs.

Snodgrass and Thompson, JJ., concur.