JAMES RAY McCRAW, Appellant,

*v.*

HERBERT G. ADCOX and EDWARD E. KIRBY, dba
Adcox-Kirby Chevrolet, Appellees.

399 S.W.2d 753.

(*Knoxville*, September Term, 1965.)

Opinion filed February 7, 1966.

JAMES RAY MCCRAW, pro se.

H. KEITH HARBER, Chattanooga, amicus curiae.

PER CURIAM.

This is an appeal from a conviction for contempt of court in the Circuit Court of Hamilton County, Tennessee. The contumacious conduct occurred in an action for replevin brought by the original plaintiffs, Herbert G. Adcox and Edward E. Kirby, dba Adcox-Kirby Chevrolet. This action is still pending. The plaintiffs were attempting to recover possession of an automobile which had been purchased from them by the appellant here, James Ray McCraw, and his mother, Sarah E. McCraw, who were the defendants in such original action.

The appellant here, a layman, elected to represent himself in the original replevin action. In the course of that action, he filed numerous hand drawn pleadings and motions. As the original action progressed, these pleadings and motions, all over the appellant's personal signa-

ture, became increasingly abusive, slanderous, and scurrilous. The contumely was directed toward The Honorable James F. Morgan, Judge of the Circuit Court of Hamilton County, and toward that Court. By way of example, but not exhaustive, appellant filed a motion for change of venue on April 19, 1965, in which he said:

"This case lay dormant in Judge Goins Court for a long time. Judge Goins is the father-in-law of plaintiff's attorney, Keith Harber.

On the 12th day of April, 1965, Judge James F. Morgan, Circuit Judge, and Attorney Keith Harber held a star chamber court proceeding.

Defendant moves for a change of venue, since he did not get a fair hearing on his plea in abatement on the said date of April, 1965.

James Ray McCraw
Defendant"

Thereafter, on June 14, 1965, appellant again, over his personal signature, filed a written motion, which contained the following language:

"Defendant, James Ray McCraw, moves that the Court disqualifies itself, and turn this case over to some Court which will handle it fair an (sic) impartial. Which Division II has not done. And will not do.

\* \* \* \* \* \*

Then this case was transferred to Division II to be the hatchet Court.

Then Judge Morgan ruled in favor of plaintiff and told defendant that he, defendant, had 30 days to appeal to the Court of Appeals State of Tennessee, Knoxville, Tennessee.

594

\* \* \* \* \* \*

Defendant does not understand any such crookedness.

\* \* \* \* \* \*

Defendant is most absolutely not going to let Judge James F. Morgan hear this Case No. 2379.

\* \* \* \* \* \*

Defendant protests the crookedness of Judge James F. Morgan in handling this case.

\* \* \* \* \* \*

Defendant is aware of the fact that Attorney Keith Harber and Judge James F. Morgan plan a star chamber court proceeding or kangaroo trial for the alleged writ of replevin. \* \* \*''

On July 26, 1965, the above motion was overruled by Judge Morgan, and he then proceeded to inquire into the contemptuous nature of appellant's conduct. Counsel was appointed to consult with the appellant in this connection. The hearing resulted in a conviction of appellant for contempt; appellant being fined the sum of $50.00 and sentenced to ten days in the Hamilton County Jail. It is from this conviction that James Ray McCraw brings this appeal.

While it is at the very least questionable whether or not appellant has properly perfected this appeal, this Court will overlook any failure on his part to comply with the requisites of appellate procedure.

It is pertinent to mention that the "brief" of appellant, if it be subject to that designation, shows little or no improvement in his contemptuous attitude from that indicated in the Circuit Court, which resulted in appellant's conviction for contempt of court. This so-called

"brief" contains nothing which, by any stretch, might be construed to be proper Assignments of Error. The whole theme is complaint of appellant's imagined mistreatment in the court below.

There appears to be no doubt that the appellant was justifiably found guilty of contempt of court by reason of these several abusive, scurrilous and slanderous motions and pleadings in the progress of the replevin action. That this is correct appears from the opinion in *State ex rel. May v. Krichbaum* (1925), 152 Tenn. 416, 278 S.W. 54, wherein it is said:

"Such an insult—a charge of corruption—offered to the judge 'within the verge of the court,' as some of the books put it, is, under the authorities, a contempt that may be punished summarily. Without considering the validity of the statutes undertaking to restrict the power of the courts to punish for contempt committed in their presence, we think this case plainly falls under subsection 1 of section 5918, Thompson's-Shannon's Code, sanctioning the power of the court to punish 'the willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.'"

The text authorities are the same—See 17 C.J.S. Contempt sec. 28, p. 75 which is as follows:

"The filing of papers in court in a contemptuous manner or papers of such a nature as to show disrespect for the dignity or authority of the court, or to tend to interfere with the due administration of justice constitutes contempt."

The law of Tennessee clearly authorized the Court against which and in whose presence a contempt is com-

mitted to try the contempt. *Churchwell v. Callens* (1952), 36 Tenn.App. 119, 252 S.W.2d 131; *Pass v. State* (1944), 181 Tenn. 613, 184 S.W.2d 1, and TC.A. sec. 23-901 et seq.

■ It seems equally clear that the appellant is guilty of criminal contempt, rather than civil contempt, as his contemptuous actions were intended to, and did, attack the dignity, probity and authority of the Court. It was not a case of commission or omission in connection with the enforcement of private rights. See *Robinson v. Air Draulics Engineering Co.* (1964), 214 Tenn. 30, 377 S.W.2d 908.

A careful study of the record in this case leaves no room for doubt that the appellant is guilty of criminal contempt, and that the action of the trial court was both permissible and, really, required. Therefore, it results that the judgment below must be, and hereby is, affirmed, with costs against the appellant.

## On Petition to Rehear

■ Since the filing of our original Opinion in this case, the appellant has filed what might be called a Petition to Rehear. In its entirety, this document does not meet the requirements of the rules of this Court. The office of a Petition to Rehear is to call to the attention of the Court matters overlooked, not to reargue those things which the losing party supposes were improperly decided after the Court has given the same full consideration. This Court has said, and says again, that a petition for rehearing should never be used for the purpose of rearguing the case on points already considered and determined, unless some new and decisive authority has been discovered which was overlooked by this Court. Rule 32 of this Court governs the subject of rehearing and

says: "A rehearing will be refused where no new argument is made, and no new authority adduced, and no material fact is pointed out as overlooked."

The appellant, in his Petition to Rehear, points out that this Court referred to Sarah E. McCraw as his wife. It appears that she is, instead, his mother. However, this is in no way material to the case before this Court. Appellant's main contention in his Petition to Rehear is that the service procured upon him in connection with a replevin action was improper. As is pointed out in the original Opinion, this is not material to the case before this Court, which involves only appellant's appeal from a conviction for contempt of Court.

Petition to Rehear denied.