**BASIC FOODS SALES CORPORATION v.
MOYER et al.**

No. 2947.

District Court, W. D. Pennsylvania.

June 8, 1944.

Weil, Christy & Weil, of Pittsburgh, Pa., for Basic Foods Sales Corporation.

Anne X. Alpern, of Pittsburgh, Pa., for Samuel P. Moyer.

A. A. Bluestone, of Pittsburgh, Pa., for Louis D. Mallet.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Plaintiff, Basic Foods Sales Corporation, is a corporation incorporated under the laws of the State of New York, with its principal office in Jersey City, New Jersey.

2. The defendants, Samuel P. Moyer and Louis D. Mallet, are both residents of Allegheny County, Pennsylvania, the former being a resident of Bethel Township and the latter of the City of Pittsburgh.

3. Plaintiff corporation is engaged in the business of selling and servicing commercial icing bases.

4. Plaintiff corporation is engaged in business practically all over the United States, selling its product throughout all of the states of New England, New York and eastern Pennsylvania, selling its product throughout the south from Texas to Maryland, throughout the mid-western states including western Pennsylvania, Ohio, Michigan, Indiana, Illinois, Iowa, Missouri, Wisconsin, Nebraska and Minnesota, its business extending to the West Coast in the states of California and Oregon.

5. The sale and servicing of icing bases as carried on by the plaintiff requires extensive technical knowledge and training on the part of the sales and servicing representative, and it requires from six months or more to impart this knowledge and training to the sales and servicing representative at considerable cost and expense to the employer.

6. The defendant, Samuel P. Moyer, was employed by the plaintiff corporation as salesman and serviceman continuously from August 1936 until he resigned October 25, 1943.

7. The written contract of employment between the plaintiff corporation and Moyer was dated July 1, 1943, said contract of employment providing, inter alia:

"First: The employer hereby hires the employee, and the employee agrees to work for the employer as a salesman and serviceman of its Frost-O-Fast products, consisting of icing bases and other commodities now marketed and/or hereafter to be marketed and/or dealt in by the employer."

\*     \*     \*     \*     \*

"Third: The employee agrees:

"(a) That he will devote all of his time and attention to the performance of his duties as such salesman and serviceman, subject to the direction and control of the employer, and that he will serve the employer diligently and to the best of his ability."

\*     \*     \*     \*     \*

"Fifth: In the event of a cancellation of this agreement, however brought about, the employee covenants and agrees that during the period of one year after such cancellation or termination he will not sell or act in any other way connected with dealing in, either directly or indirectly, any product or products which can be reasonably considered as competing with those of the employer, but this shall in no way restrict the employee from selling any other non-competing products, even when sold to the same trade."

\*     \*     \*     \*     \*

"Sixth: The employee agrees and covenants that he will return to the employer forthwith upon cancellation or other termination of this agreement all of the sales equipment furnished by the employer and all data and records in his possession concerning his activities in the territory and routes assigned to him while in the employ of the employer."

8. After defendant Moyer's employment with the plaintiff corporation in 1936 and until his resignation in October 1943, defendant Moyer represented the plaintiff corporation as serviceman and salesman of its icing bases to the commercial baking trade and traveled extensively in the territory assigned to him, consisting of ten states, namely, that part of Pennsylvania west of Altoona, the states of Ohio, Michigan,

Indiana, Illinois, Wisconsin, Minnesota, Nebraska, Iowa and Missouri.

9. Defendant Moyer on or about October 25, 1943, voluntarily resigned in writing his said employment with the plaintiff corporation, which resignation was accepted in writing by the plaintiff corporation on or about October 27, 1943.

10. Defendant Moyer accepted full-time employment with defendant Louis D. Mallet, trading and doing business as Mallet & Company on November 17, 1943, and sold icing bases manufactured by the said Mallet to the former customers of the plaintiff corporation in competition with icing bases sold by the plaintiff corporation.

11. The defendant Moyer, without the knowledge of his employer, sold icing bases for Louis D. Mallet, trading as Mallet & Company for about three to four months, even prior to his resignation and while he was still in the employ of the plaintiff corporation and receiving compensation from it.

12. From November 17, 1943, the commencement of the defendant Moyer's full-time employment with Louis D. Mallet, to March 2, 1944, the defendants, Moyer and Mallet, made sales of defendant Mallet's icing bases to the former customers of the plaintiff corporation in the total sum of $6,013.91.

13. The defendant Moyer's action in selling icing bases of Louis D. Mallet, trading as Mallet & Company, in competition to the icing bases of the plaintiff corporation, to the customers of the plaintiff corporation in the very territory Moyer had sold and serviced for many years as representative of the plaintiff corporation caused the plaintiff corporation loss of sales of $6,013.91, during the three months of December, 1943 and January and February, 1944.

14. Plaintiff corporation's normal profit on sales was 18.6% before taxes, and the plaintiff corporation has suffered a loss of profits of $1,118.59 on its loss of sales for the three months ending with the month of February 1944.

15. Defendant Moyer's sales of plaintiff corporation's products in his territory of ten states aggregated approximately $60,000 per annum.

16. Plaintiff corporation's business, conducted throughout thirty-six states of the United States from the eastern seaboard to the west coast, enjoyed valuable good will, the amount of which is in excess of $2,000.

17. From February 8, 1944 to March 2, 1944, defendant Mallet sold icing bases of his own manufacture to customers of the plaintiff corporation in the total sum of $1,036.70, thus causing a loss of profit to plaintiff corporation of $192.82.

18. The defendant Moyer received written notice that his employment by Mallet and selling Mallet's icing bases in competition with the icing bases of the plaintiff corporation was in violation of his agreement on or about January 15, 1944.

19. The defendant Mallet on or about February 8, 1944, received written notice informing him of the terms of the employment agreement between the plaintiff corporation and defendant Moyer and advising Mallet that he was participating with defendant Moyer in the violation of his contract and profiting thereby.

20. The action of both defendants has caused and unless enjoined will continue to cause in the future, severe damage to the business of the plaintiff corporation in the form of loss of profits, as well as damage and injury to the business and good will of the plaintiff corporation.

21. The provision of the contract between the plaintiff corporation and defendant Moyer restricting defendant Moyer for a period of one year after termination of the contract from selling any product or products which can be reasonably considered as competing with those of the employer is reasonably necessary for the protection of the plaintiff corporation.

22. The plaintiff corporation was doing business in all of the states of the United States with the exception of twelve, namely, Washington, Nevada, Arizona, Utah, Wyoming, Montana, North Dakota, South Dakota, New Mexico, Kansas, Oklahoma and Idaho.

23. The restrictive covenant prohibiting the defendant Moyer from selling products "which can be reasonably considered as competing with those of the employer", prohibits defendant Moyer from selling competing products in the aforesaid thirty-six states in which the plaintiff corporation conducts its business.

24. The restrictive covenant being limited to a period of one year is limited as to time and being limited to the thirty-six states in which the plaintiff corporation

conducts its business is limited as to territory.

25. The defendant Moyer has intentionally and deliberately breached his contract with the plaintiff corporation.

26. The defendant Mallet, in continuing to employ Moyer to sell icing bases of his own manufacture and making such sales to the former customers of the plaintiff corporation after receiving the written notice of February 8, 1944, has intentionally, knowingly and without reasonable justification or excuse, induced Moyer to breach his contract with the plaintiff corporation to the damage of the plaintiff corporation.

27. Each of the defendants is liable to the plaintiff corporation for the damages it has suffered.

28. In view of the close relationship between the customer and salesman, as a result of which defendant Moyer in breach of his contract was able to turn over customers of the plaintiff corporation to defendant Mallet, plaintiff corporation will sustain a loss of profits for a period longer than the three months' period ending with the month of February 1944.

29. The damages to be assessed against defendant Moyer and in favor of the plaintiff corporation are as follows:

$1,118.59—Loss of profit on account of loss in volume of sales for the three months of December 1943 and January and February 1944.

30. The damages to be assessed against defendant Mallet and in favor of the plaintiff corporation are as follows:

$192.82—Loss of profit on account of sales made by defendant Mallet of his own product to former customers of the plaintiff corporation after receipt of notice of the terms and provisions of the contract between defendant Moyer and the Plaintiff corporation.

31. The damages to be assessed against defendants Moyer and Mallet, jointly and severally, and in favor of the plaintiff corporation are as follows:

$2,000.00—Damage to plaintiff corporation's good will.

## Conclusions of Law

■ I. The plaintiff corporation being a New York corporation, and the defendants being residents of Pennsylvania, and the amount in controversy being in excess of $3,000, this court has jurisdiction of the controversy.

■ II. The contract between the plaintiff corporation and defendant Moyer is valid and enforceable.

III. The restrictive covenant in the contract being limited as to time or territory, or both, is prima facie valid,

IV. The restrictive covenant in the contract being limited in territory as to the thirty-six states in which the plaintiff corporation is conducting its business is reasonable.

■ V. The contract has been breached by defendant Moyer.

VI. The contract has been breached by defendant Mallet.

■ VII. The plaintiff corporation is entitled to an injunction enjoining the defendant Moyer from selling and defendant Mallet from employing Moyer to sell Mallet's icing bases in the thirty-six states of the United States in which the plaintiff corporation is doing business until October 27, 1944.

VIII. The plaintiff corporation is entitled to an injunction restraining and enjoining both defendants until October 27, 1944 from breaching or causing to breach the provisions of the contract between plaintiff corporation and defendant Moyer.

■ IX. The plaintiff corporation is entitled to reimbursement from both defendants for the damages it has suffered.

■ X. A decree should be entered ordering and directing defendant Moyer to pay to the plaintiff corporation damages in the sum of $1,118.59.

■ XI. A decree should be entered ordering and directing defendant Mallet to pay to the plaintiff corporation damages in the sum of $192.82.

■ XII. A decree should be entered ordering and directing the defendants Moyer and Mallet, jointly and severally, to pay to the plaintiff corporation damages in the sum of $2,000.

## Decree

And now, to wit, June 8, 1944, this cause having come on to be heard, and having been argued by counsel; and thereupon it is ordered, adjudged and decreed as follows, viz:

That said defendants, Samuel P. Moyer and Louis D. Mallet be, and hereby are, enjoined from breaching, and causing to be breached, the contract between Basic Foods Sales Corporation and said Samuel P. Moyer, dated July 1, 1943; and said Samuel P. Moyer is enjoined and restrained from selling, dealing in or soliciting orders for, and said Louis D. Mallet from employing said Moyer to sell, deal in or solicit orders for any issuing bases which are reasonably considered as competing with the icing bases produced and manufactured by Basic Foods Sales Corporation, the complainant, prior to October 27, 1944.

And it is further ordered, adjudged and decreed that said Samuel P. Moyer severally pay to said Basic Foods Sales Corporation, complainant, the sum of $1,118.59 as damages for loss of profit on account of loss in volume of sales for three months of December 1943, and January and February 1944; and that said defendant Louis D. Mallet pay to said complainant, Basic Foods Sales Corporation, the sum of $192.-82 as loss of profit on account of sales made by defendant Mallet of his own product to former customers of said complainant after receipt of notice of the terms of the contract between defendant Moyer and said complainant; and that said defendants, Samuel P. Moyer and Louis D. Mallet, jointly and severally pay to said Basic Foods Sales Corporation, complainant, the sum of $2,000 as damages to the good will of the said complainant.