**M. C. GOLDBERG**

v.

**Lawrence G. STEVENS, Jr.**

**Civ. A. No. 28139.**

United States District Court
E. D. Pennsylvania.

July 1, 1960.

Arlin M. Adams, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel for plaintiff.

W. Wilson White, Joseph H. Foster, White & Williams, Philadelphia, Pa., for defendant.

CLARY, Judge.

Before the Court is a motion to remand this case to the Pennsylvania State Court from which it was removed. 28 U.S.C.A. § 1447(c). The suit originated as an action in equity to enjoin the defendant, Stevens, from engaging in competition with the plaintiff, soliciting or accepting customers of any of the plaintiff's companies, disclosing the names of any such customers, or inducing any of plaintiff's employees to terminate their employment. The complaint alleged violation of a contract of sale and employment between the parties, whereby the plaintiff purchased Pennsylvania Overall Rental Service, Inc. (hereinafter referred to as "Pennsylvania") and agreed to employ the defendant in a managerial capacity in Pennsylvania, subject to certain restrictive covenants should he leave that company.

The original complaint further alleged that on September 11, 1959, the defendant terminated this employment relationship and accepted employment with the Baldwin Overall Rental Service, Inc. (hereinafter referred to as "Baldwin"), a competitor of Pennsylvania. Thereafter he is alleged to have committed numerous acts in violation of the covenants contained in the employment contract.

At the time suit was filed in the State Court, Baldwin was (and still is) engaged in extensive discovery proceedings, as plaintiff, in a protracted antitrust suit in our Court, The Baldwin Overall Service, Inc. v. Eastern Overall Cleaning Co., et al., Civil Action No. 27203. Pennsylvania is one of a number of defendants in the antitrust case, all of whom are alleged to have conspired together to fix prices, allocate customers and rig bids in the industrial garment industry—to the injury of Baldwin and the public.

At the hearing on a rule for preliminary judgment in the State Court, the plaintiff filed amendments to his complaint alleging that Stevens had been instrumental in instituting the Baldwin antitrust case, that the allegations and charges in that action were based upon information given to Baldwin by Stevens, and that such disclosure violated his duties to Pennsylvania and constituted an unfair trade practice.[1] This amend-

ment concluded with the following prayer:

"That defendant be enjoined preliminarily and after final hearing permanently from

"(a) disclosing to The Baldwin Overall Service, Inc. any information concerning Pennsylvania Overall Rental Service, Inc. which was disclosed to or obtained by him in the course of his confidential employment by Pennsylvania Overall Rental Service, Inc. for use by The Baldwin Overall Service, Inc. in support of its antitrust claim against plaintiff or Pennsylvania Overall Rental Service, Inc."

The defendant immediately filed a petition for removal, *ex parte*, on the ground, *inter alia*, that the *amended* complaint states a separate and independent cause of action "of which the District Courts of the United States have original jurisdiction in that it is an action seeking to suppress, limit or control the evidence to be used and presented in a United States District Court in pending action under the Antitrust Laws of the United States."

Upon posting of the requisite bond to protect the plaintiff, should it be determined that the case was improperly removed, the defendant's petition for removal was granted. The plaintiff now moves to remand on the ground that we lack jurisdiction over the subject matter of the suit. For the following reason the plaintiff's contention must be sustained and remand will accordingly be granted.

For any action to be removable from a State Court it must be one "of which the district courts of the United States have original jurisdiction", 28 U.S.C.A. § 1441(a). Moreover, where there are several claims joined in one action, some of which are not removable, a Federal Court must find at least one "separate and independent claim or cause of action, which would be removable if sued

upon alone" before it can remove part or all of the action. 28 U.S.C.A. § 1441(c). What separate and independent cause of action over which the district courts have original jurisdiction is alleged in the amended complaint?

The defendant's brief on this point is somewhat elusive. We say this not in criticism, for there is no question in our mind as to any intentional effort to conceal facts or law in this matter. On the contrary, both parties have argued the case with skill and commendable frankness and the defendant has evidenced ingenuity in its jurisdictional argument. Rather the difficulty lies, we think, in the hopelessness of defendant's task, i.e., to point up a federal cause of action in the present complaint.

Since the parties lack diversity of citizenship, the defendant attempts to rely upon the so-called "federal question" jurisdiction, 28 U.S.C.A. § 1331. He cites the landmark case of Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, for the proposition that federal question jurisdiction exists where the right or immunity claimed by the plaintiff will be supported if the laws of the United States are given one construction or effect, and defeated if they receive another. He then states that "Goldberg's claimed right to suppress Stevens' evidence depends entirely on the construction of F.R.Civ.P. 42(a) [28 U.S.C.A.], governing the admissibility of evidence and the competence of witnesses in trials in Federal Courts."

With this proposition we can not agree. "Goldberg's claimed right to suppress Stevens' evidence" has its genesis in the Pennsylvania common law concerning covenants not to compete and not in any federal law. Whether or not evidence acquired by Stevens from his former employer is admissible in the federal antitrust suit is a completely different question than whether or not Stevens has a duty to his former employer to re-

---

at trial, and allowed by the Judge with instructions to file the amendment of rec-

ord, becomes effective at once even though it must later be formally filed.

frain from divulging such information. The former question turns solely upon evidentiary rules which are not directly concerned with the source of the offered information, but rather with its relevancy, materiality, competency, etc. The latter question, in contrast, turns solely upon the source of the information, its nature, the circumstances under which it was acquired, etc.

Here the answer to these two questions may very well differ. Assuming a State Court were to rule that Stevens is precluded from divulging business secrets such as customer lists acquired from his former employer, this would not be a ruling upon the *admissibility* of such customer lists in any federal proceeding. Perhaps this fact would be more clear in a situation where the State Court ruling preceded the institution of the federal proceeding. In such a situation the customer lists might be inaccessible to a party moving for their discovery in the later federal proceeding for the reason that a Federal Court might refuse to lend its process to their discovery. However, this is clearly distinguishable from a ruling by that same Federal Court that they are *inadmissible* by virtue of Rule 42(a) of the Federal Rules of Civil Procedure.

We might point out that in resolving the question of whether or not a cause of action is based upon federal law rather than state law, so as to constitute a basis for federal jurisdiction under § 1331 of Title 28 U.S.C.A., it is not the prayer for relief which is determinative. Here the plaintiff chose, perhaps unwisely, to pray for an injunction specifically directed at litigation in progress in a federal court. However, the *right* upon which he relies to pray for such relief is not a right created by the Constitution or Laws of the United States. Certainly a covenant for valuable consideration to refrain from competing with one's former employer is valid and enforceable without reference to federal law. Basic Foods Sales Corp. v. Moyer, D.C.W.D.Pa.1944, 55 F.Supp. 449. For this reason the defendant's argument must fail.

Gully v. First National Bank, supra. The further question of whether to remove all or only part of the action need not be answered, since we find no separate and independent claim which would be cognizable originally in a federal court.

The defendant's earnest contention that this case presents a grave question concerning the power of a state court to issue an injunction which would directly effect federal court proceedings appears to rest, at least tacitly, upon the presumption that the state court will issue an injunction specifically directed at discovery proceedings in our Court and thereby impinge upon our processes. We do not share this presumption. In a system of dual sovereign governments such as our own, there are bound to be situations in which problems will arise concerning possible conflicts between the orderly operation of the federal and state governments—whether it be between the executive, legislative or judicial branches of these governments. These problems can be worked out in the light of our Constitution as interpreted by the Supreme Court of the United States. However, the officials of each of these sovereigns can make these problems easier by each evidencing a respect for and confidence in the operations of the other. There is no reason to believe that a state court will issue a broad injunction which will create unnecessary conflict between that court and our own. Judge Waters, who will ultimately grant or deny relief in this case, is a very able and competent Judge, and we are confident that, should the plaintiff prevail, any order there entered will not unduly impinge upon any proceedings in this Court. The mere fact that the relief in that case may *incidentally* affect discovery proceedings in the federal antitrust suit offers no basis for removal. As Mr. Justice Cardozo aptly observed in the Gully case, supra [299 U.S. 109, 57 S.Ct. 99], "The most one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of

944

constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states."

### Order

And now, to wit, this 1st day of July, 1960, for the reasons set forth above, it is

Ordered, adjudged and decreed that plaintiff's motion to remand be and it is hereby granted, and the action is remanded to the Court of Common Pleas No. 3 of Philadelphia County.