Howard D. POTTER

v.

CARVEL STORES OF NEW YORK, INC., et al.

CARVEL STORES OF NEW YORK, INC.

v.

Howard D. POTTER.

Civ. A. Nos. 12900, 13527.

United States District Court
D. Maryland.

March 9, 1962.

based upon allegations of diversity of citizenship, allegedly arising under the Donnelly Act of the State of New York (General Business Law, McKinney's Consol.Laws, c. 20, § 340 et seq.) and the Maryland common law of fraud, respectively. Plaintiff alleged generally that he was induced by certain of the defendants to become a franchised dealer in soft ice cream, and to that end he entered into a "Dealer Franchise Agreement," took an option to purchase the business, entered into a conditional sales contract for the purchase of certain soft ice cream making equipment and made a substantial part payment thereon, entered into a "Signs and Special Equipment Lease," and as subtenant entered into a sublease with defendant, Chain Locations of America, Inc. (defendant Chain), dated January 16, 1960, for the premises 5645 Baltimore National Pike for a site from which to conduct plaintiff's soft ice cream business. The following relief is prayed:

"1. Threefold the damages sustained resulting from violations of the antitrust laws, together with reasonable attorneys' fees, expenses and costs of suit.

"2. Compensatory damages sustained under the common law and statutory causes of action.

"3. A declaration that all agreements between plaintiff and Carvel defendants are void and assessment of damages measured by reimbursement of investment, illegal overrides, quantum meruit labor and time and related damages.

"4. For an order rescinding all agreements between plaintiff and Carvel defendants and temporarily and permanently enjoining said Carvel defendants from enforcing any of said agreements and from seeking the possession by repossession, eviction or other methods to obtain possession of the premises occupied by plaintiff and for a money judgment in the amount of the sums received by Carvel defendants from plaintiff.

---

Lawrence I. Weisman, Baltimore, Md., Arnold Fleischmann, Towson, Md., for Potter.

Smith & Harrison, Towson, Md., Amen, Weisman & Butler, New York City, for Carvel Stores.

WINTER, District Judge.

On March 14, 1961, plaintiff filed a five count complaint, two counts allegedly arising under the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq., one count allegedly arising under the patent laws of the United States, and two counts,

"5. A temporary and permanent injunction against each and every defendant prohibiting such defendant from attempting to collect money for ingredients and products sold pursuant to said illegal combinations, contracts and conspiracies in restraint of trade.

"6. A temporary and permanent injunction against the Carvel defendants prohibiting them from proceeding in any State or Federal Court with any causes of action based on any agreements between plaintiff and Carvel defendants.

"7. Penalties from violation of Patent Laws.

"8. And such other and further relief as the nature of plaintiff's case may require."

Admittedly, since entering into possession of the leased premises, plaintiff has neither paid rent nor surrendered possession thereof. On April 24, 1961, defendant Chain instituted a complaint in the People's Court of Baltimore County, Western District, Catonsville, Maryland, praying repossession of the demised premises and judgment for $2,363.64 overdue rent, and costs. Trial was set for May 2, 1961 and subsequently postponed until May 23, 1961. After filing a "Motion to Dismiss and for Stay of Proceeding" in the People's Court, plaintiff filed, on May 29, 1961, in this Court, in Civil Action No. 12900, a motion to preserve jurisdiction praying that defendant Chain be enjoined from proceeding with the action filed in the People's Court. Plaintiff did not press this motion in this Court, and, after further participation in the People's Court, later more fully described, by plaintiff, the People's Court, on December 27, 1961, denied plaintiff's motion.

On January 4, 1962, plaintiff removed the proceedings from the People's Court of Baltimore County to this Court (Civil Action No. 13527). Defendant Chain immediately countered by motion to remand the proceedings to the People's Court.

Plaintiff's motion to protect the jurisdiction of this Court in Civil Action No. 12900 and defendant Chain's motion to remand in Civil Action No. 13527 were jointly argued on February 16, 1962, and submitted for decision. Since they both relate to the same subject matter they will be decided together in this opinion.

– Motion to Protect Jurisdiction –
(Civil Action No. 12900)

In his motion, plaintiff seeks to enjoin defendant Chain from attempting to enforce the lease by proceeding with the action in the People's Court on the basis that prayers 4, 5 and 6 of the complaint make it apparent that Civil Action No. 12900 involves the same issues raised in the proceedings in the People's Court for Baltimore County. Plaintiff further claims that the claim of defendant Chain for repossession and overdue rent was a compulsory counterclaim, Rule 13(a), which has been waived by defendant Chain in its failure to assert it in the pleadings.

While Rule 13(a) requires a "pleading" to state as a counterclaim any claim, arising out of the transaction or occurrence which is the subject of dispute and which at the time of serving the pleading the pleader has against any opposing party in the instant proceeding, defendants, in response to the complaint, have all filed various motions under Rule 12, and these motions have not been set for hearing and decided. Rule 12 not only permits certain defenses to be raised by motion, but states that, "A motion making any of these defenses shall be made before pleading if a further *pleading* is permitted." (emphasis supplied). Moreover, Rule 12 also provides that if the Court denies a motion under the rule, or postpones its disposition until the trial on the merits, "the responsive pleading shall be served within 10 days after notice of the court's action * * *."

Rule 12 thus draws a distinction between a "motion" under Rule 12 and a "pleading." It follows that plaintiff may not claim a waiver of an alleged compulsory counterclaim under Rule 13 until the time for defendants' pleadings to be

filed has arrived, and that at this time there is no waiver here.

Plaintiff's motion must first hurdle 28 U.S.C.A. § 2283, which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

That section has been the subject of a carefully reasoned opinion in Reines Distributors, Inc. v. Admiral Corporation, 182 F.Supp. 226 (D.C., S.D., N.Y.1960). In that case plaintiff commenced private antitrust litigation in the Southern District of New York, and prior to answer defendant commenced 41 separate actions on notes, trade acceptances and open account against plaintiff in New York state courts. Of the 41 actions, 39 were discontinued by stipulation. Plaintiff moved in the state courts to stay proceedings in the remaining 2, and when his motion was ultimately denied, he moved in the United States District Court for the Southern District of New York to enjoin defendant from further prosecuting the state court actions.

In denying plaintiff's motion for an injunction, the Court referred to 28 U.S. C.A. § 2283 and its legislative and judicial history back to 1793, as traced in Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941). Prior to its amendment in 1948 and codification in the form quoted above, the Court found that aside from five specific exceptions, the inferior federal courts, as part of the delicate adjustments required by federalism, had been rigorously controlled in their relation to state courts. Aside from the statutory exceptions, the only cases prior to the 1948 amendment where the rule that, as between state and federal courts, the court first acquiring jurisdiction may enjoin the other, or the litigants before the other, were the "res" cases, Kline v. Burke Const. Co., 260 U.S. 226, 235, 43 S.Ct. 79, 67 L.Ed. 226 (1922). The Court discussed the 1948 amendments which added the exceptions "where necessary in aid of its jurisdiction," which was held to mean cases removed under the removal statutes, and "to protect or effectuate its judgments," which was held to prevent a party from relitigating in the state courts issues already foreclosed by a federal judgment.

Finally, insofar as pertinent here, the Court held, contrary to plaintiff's contentions in the instant case, that Section 16 of the Clayton Act, 15 U.S.C.A. § 26, which provides for private antitrust injunctive relief is not one of the "Act of Congress" exceptions engrafted into the flat prohibition of 28 U.S.C.A. § 2283.

The Reines Distributors case, supra, is dispositive of plaintiff's motion unless the Court deems applicable the "res" exception sought to be invoked by plaintiff. As his principal authority in support of his argument, plaintiff cites Crossman v. Fontainebleau Hotel Corp., 273 F.2d 720.(5 Cir. 1959). In that case plaintiff sought a declaratory judgment in a federal court to construe her alleged lease of hotel space for her dress shop, praying as supplemental relief an injunction restraining distraint or repossession of the premises. After defendant's motion to dismiss the complaint was granted and while an appeal was pending, defendant brought an action of ejectment to regain possession of the premises in a state court. The United States Court of Appeals for the Fifth Circuit reversed the district court, and held that plaintiff's complaint stated a cause of action entitled to trial on the merits. In so doing, it held that, notwithstanding 28 U.S.C.A. § 2283, the district court should issue an injunction staying the proceeding in the state court, particularly when the state court determined that the district court's order of dismissal was res judicata of the validity of the lease and that basis for state action was destroyed by the order of reversal.

■ There is no question, as Crossman v. Fontainebleau, supra, exemplifies, that if suit is directed to a certain res and full justice cannot be granted without control of the res, the court

first acquiring jurisdiction must have exclusive jurisdiction; and if the court first acquiring jurisdiction is a federal court, it should, notwithstanding § 2283, enjoin the state court, or litigants before the state court, 1 Moore, Federal Practice, p. 2522. But when plaintiff's prayers for relief are read in the instant case, it clearly appears that plaintiff primarily desires money damages and not relief *in rem*. Granted plaintiff in his 4th prayer seeks to enjoin an action to recover back rent or repossession of the demised premises, but this prayer is subsidiary to his claim for recovery of his "life savings" or his prayer for treble damages. If taken literally plaintiff's prayers that he be permitted to remain in possession of the demised premises, avoid paying rent and be awarded treble damages, coupled with his obvious delay in pressing his motion here, hardly appeal to the equitable jurisdiction of this Court and its discretionary authority to enjoin in this sensitive area, American Ins. Co. v. Lester, 214 F.2d 578 (4 Cir. 1954); Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4 Cir. 1937). Private antitrust litigation is authorized to effectuate the purposes of Congress in condemning certain business conduct, but it is not a vehicle for a judicial tribunal to enable a person to acquire or use another's property without paying for it. See Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959).

■ Plaintiff's motion to protect the jurisdiction by enjoining defendant from prosecuting its action in the People's Court for Baltimore County is denied.

– Motion to Remand –
(Civil Action No. 13527)

On April 24, 1961, defendant (plaintiff in Civil Action No. 12900), pursuant to 28 U.S.C.A. §§ 1441 and 1446, removed the action previously filed in the People's Court for Baltimore County, to this Court. The removal was more than 20 days after institution and service on him of the original pleading filed in the People's Court; and after defendant had appeared and argued unsuccessfully in that court that based upon the proceedings in this Court, the People's Court should dismiss, or, in the alternative, should grant a stay of proceedings pending final disposition here. Defendant's motion in the People's Court of Baltimore County was denied on December 27, 1961, and removal to this Court followed on January 4, 1962.

Plaintiff (defendant Chain in Civil Action No. 12900) moves to remand on the grounds that (a) the Baltimore County action was not "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the basis for jurisdiction under 28 U.S.C.A. § 1441 sought to be invoked by defendant, (b) the attempted removal was not within 20 days after defendant's receipt of the plaintiff's initial pleading, or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," as required by 28 U.S.C.A. § 1446(b), and (c) defendant may not exercise a purported right of removal after full participation in the action in the state court and an adverse result therefrom.

It seems clear that throughout the proceedings in the People's Court for Baltimore County, no proper basis for removal ever came into existence as required by 28 U.S.C.A. § 1441. Defendant makes no real claim that there was jurisdiction to remove the Baltimore County proceedings on the basis of the original pleading. Indeed, if defendant made the claim, he would be foreclosed by his failure to remove within the 20 day period required by 28 U.S.C.A. § 1446(b).

Defendant does claim that he complied with the further provision of § 1446(b), which is applicable when the case stated by the initial pleading is not removable, granting 20 days in which to file a petition for removal "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This latter provision was added to § 1446(b)

by the Act of May 24, 1949, Chapter 139, § 83, 63 Stat. 101. In order to take refuge in the 1949 amendment, defendant contends, not that the Baltimore County case became removable on May 16, 1961, when he first raised his argument based on the antitrust laws in that court, but that it became removable on December 27, 1961, when his arguments were decided against him.

The 1949 amendment to § 1446(b) has been described as a codification of Powers v. Chesapeake Railway, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898), which, under the earlier statute, construed the period from the initial pleading in which to file a petition for removal to run from the date on which plaintiff dismissed his original action against those defendants whose residence was such as to prevent a federal court from having original jurisdiction on the grounds of diversity, H. R. Rep. No. 352, 81st Cong., 1st Sess. (1949), p. 14, 2 U. S. Cong. & Adm. News (1949), p. 1268; Putterman v. Daveler, 169 F.Supp. 125, 129 (D.C. Del.1958); Bradley v. Halliburton Oil Well Cementing Co., 100 F.Supp. 913 (D.C.E.D.Okl.1951).

The authorities are uniform that, unlike the case at bar, the "amended pleading, motion, order or other paper" must emanate from either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity, Putterman v. Daveler, supra, at p. 130 of 169 F.Supp. ; Smith v. Templin, 126 F.Supp. 131 (D.C.E.D.Tenn. 1954); Stamm v. American Telephone & Telegraph Company, 129 F.Supp. 719 (D.C.W.D.Mo.1955); 1 Moore, Federal Practice (2d ed.) pp. 630–631. Thus, the flaw in defendant's contention is that the 1949 amendment to 28 U.S.C.A. § 1446 (b) did not create a new jurisdictional basis for removal arising out of his filing a motion to dismiss, or, in the alternative, to stay the proceedings. The amendment was not designed to permit a defendant to remove by reason of an issue he interjected into the state proceedings.

In view of this conclusion it is unnecessary to consider plaintiff's other arguments.

Counsel may agree on orders dismissing plaintiff's motion in Civil No. 12900, and granting plaintiff's motion in Civil No. 13527.