Joseph **NOLEN**, Plaintiff,

v.

The **HAMMET COMPANY, INC.**, and **O. L. Thompson, Jr.**, d/b/a **O. L. Thompson Construction Company**, Defendants.

Civ. A. No. 72–416.

United States District Court,
D. South Carolina,
Charleston Division.

Oct. 5, 1972.

George E. Campsen, Jr., Charleston, S. C., for plaintiff.

Samuel J. Corbin, Charleston, S. C., for Hammet Co., Inc.

Charles H. Gibbs, Charleston, S. C., for O. L. Thompson, Jr.

ORDER

SIMONS, District Judge.

This matter is before the court upon plaintiff's Motion to require the defendant, O. L. Thompson, Jr., d/b/a O. L. Thompson Construction Company, to assert his counterclaim for property damage and loss of use, and to enjoin that defendant from proceeding with his suit presently pending in the County Court of Charleston County, on the grounds that the property claim of this defendant is a compulsory counterclaim within the meaning of Rule 13(a), Federal Rules of Civil Procedure.

On February 24, 1972, an automobile owned and being operated by Joseph F. Nolen, in which his wife Elizabeth A. Nolen was a passenger, collided with a dump truck being operated by O. L. Thompson Construction Company's driver, Howard R. Angus.

On March 31, 1972, Elizabeth A. Nolen filed an action in this court against the above named defendants. Subsequently, on April 6, 1972, Joseph F. Nolen filed an action in this court against the same defendants. Defendant Thompson then instituted an action against Joseph F. Nolen in the Charleston County Court on April 17, 1972. By

motion to that court, plaintiff sought an Order staying the County Court proceedings until such time as the federal litigation could be heard. By Order dated September 13, 1972, the Honorable Theodore D. Stoney, Judge of the Charleston County Court, denied the Motion. Plaintiff now petitions this court to enjoin the defendant Thompson from proceeding with his suit instituted against the plaintiff in the Charleston County Court, and further asks that the defendant Thompson be forced to assert a counterclaim in the action pending in this court.

Wright and Miller's treatise on Federal Practice and Procedure, Civil § 1418, is instructive in delineating the powers of the respective courts in such a situation. The ideal solution, the text points out, is that when a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it should stay its own proceedings. If the second court refused to take such action, "then it is within the judicial discretion of the federal court in which the first action is pending to enjoin the parties from proceeding with the second suit. Indeed, by granting an injunction in this context, the court furthers the general federal policy against multiplicity of litigation embodied in Rule 13(a) itself." But such discretion is not available when the second court is a state court:

> Some of these flexible procedures are not available, however, when one of the actions was brought in a state court. Section 2283 of Title 28 expressly prohibits the federal courts from granting injunctions to stay state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Clearly the language of Rule 13(a) cannot be construed as empowering the federal court to restrain state court proceedings.[1] Thus, if a party asserts a claim in a state court that is a compulsory counterclaim in an already pending federal action, the federal court cannot enjoin the prosecution of the state proceeding. In this situation the general objective underlying Rule 13(a) of avoiding multiple suits is outweighed by the express statutory policy prohibiting federal interference with the functioning of the state judicial systems. The result is that in the absence of voluntary restraint by one of the courts, both the federal and the state actions will proceed toward judgment and the first to reach that point will serve as the basis for asserting a res judicata or collateral estoppel defense in the action that is still being adjudicated.

Wright & Miller, Federal Practice and Procedure: Civil § 1418.

Here the complaining party—the plaintiff Joseph F. Nolen—has properly petitioned the state court for a stay of the subsequently filed action. The relief sought there has been denied. The result is a race to judgment, with which this court, under the anti-injunction statute and the within authorities, holds itself powerless to interfere. It is, therefore,

Ordered, adjudged and decreed that the plaintiff's Motion be, and the same hereby is, dismissed.

---

1. Citing, *inter alia*, Potter v. Carvel Stores of New York, Inc., 203 F.Supp. 462 (D.C.Md.1962), aff'd 314 F.2d 45 (4th Cir.1963); see also Reines Distributors, Inc. v. Admiral Corp., 182 F.Supp. 226 (S.D.N.Y.1960).