**APPALACHIAN POWER COMPANY**
v.
**REGION PROPERTIES, INC., et al.**

**APPALACHIAN POWER COMPANY**
v.
**STRAUSS CONSTRUCTION CO.,
INC., et al.**

**APPALACHIAN POWER COMPANY**
v.
**OLD HERITAGE CORPORATION** and
Rockydale Quarries Corporation.

Civ. A. Nos. 73-C-72-R to 73-C-74-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 21, 1973.

James F. Johnson, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for plaintiff.

W. Heywood Fralin, Roanoke, Va., and Donald L. Mooers, Washington, D. C., for defendants.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Plaintiff instituted these three civil actions on May 7, 1973, in the Court of Law and Chancery of the City of Roanoke, Virginia, seeking payment of the principal and interest allegedly due on promissory notes executed by the defendants.[1] Each of the actions was removed by the defendants to this court pursuant to 28 U.S.C. § 1446. The defendants assert that this court has jurisdiction according to 28 U.S.C. § 1337, and that removal was proper pursuant to the provisions of 28 U.S.C. § 1441. Plaintiff, pursuant to 28 U.S.C. § 1447(c), has filed motions to remand each of the actions to state court, alleging that they were improvidently removed. Due to the factual similarity of these actions, they have been consolidated for disposition.

The promissory notes which are the basis of plaintiff's complaints represent charges for the installation of underground electric service in residential dwellings built in Virginia during the period February, 1967, through April, 1970. In response to plaintiff's motions to remand, defendants assert removal is proper because the question of defendants' liability on the promissory notes is already before this court by virtue of a class action filed by defendants three days prior to the institution of plaintiff's action on the promissory notes.[2] The gravamen of this complaint is that the charge imposed by plaintiff is in violation of the Sherman Act, 15 U.S.C. § 1, and the Clayton Antitrust Act, 15 U.S.C. § 14. Among the activities complained of are the alleged excess cost represented by, and the alleged improper and illegal system of credits provided in the promissory notes upon which plaintiff seeks recovery in these actions.

A defendant in a state court action may remove the suit to federal

1. Defendants Region Properties, Inc., M. L. Strauss and Horace G. Fralin executed a promissory note for the principal sum of $27,161.00 on March 1, 1968, payable to the order of plaintiff, Appalachian Power Co. Defendants Strauss Construction Co., Inc., M. L. Strauss and Shelia S. Strauss executed a promissory note for the principal sum of $11,605.00 on October 25, 1966, payable to the order of plaintiff. Defendants, Old Heritage Corp. and Rockydale Quarries Corp., executed a promissory note for the principal sum of $47,301.55 on December 15, 1967, payable to order of plaintiff. Each note imposed interest at the rate of six percent per annum payable semiannually with the principal sum due on or before five years from the date of execution.

2. Defendants are plaintiffs in a class action filed on May 4, 1973, as amended on May 24, 1973, Region Properties, Inc. et al. v. Appalachian Power Co., Civil Action No. 73–C–63–R.

court whenever the district court could have sustained original jurisdiction because the plaintiff's action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). If the plaintiff's complaint does not assert a federal right, removal may still be attained "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* Since all the parties involved in this litigation are citizens of Virginia, diversity jurisdiction is not available. Hence, defendants, asserting a violation of the federal antitrust laws, must rely on the provision granting removal whenever a federal claim is presented.

 The Supreme Court has consistently adhered to a circumscribed interpretation of the "federal claim" provisions of the removal statute. Removal should be granted only if the federal claim or right asserted is an essential element of the plaintiff's cause of action. The federal issue should be evident from plaintiff's complaint, unaided by defendant's answer or his removal petition. Furthermore, removal jurisdiction may only be founded upon the plaintiff's cause of action, and is not available

when plaintiff asserts a federal question by anticipating a probable defense. Gully v. First Nat'l Bank, 229 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

 If defendants were proffering the alleged antitrust violation as a defense to plaintiff's state court action, unquestionably removal would be denied.[3] Plaintiff's right to recover on the promissory notes executed by the defendants has its genesis in the law of Virginia. It is well established that a putative federal law defense does not confer removal jurisdiction, and a federal question arising by way of defense initially must be resolved by the state courts. Thompson v. Standard Oil Co., 67 F.2d 644, 649 (4th Cir. 1933).

 Defendants, however, would distinguish the voluminous case law discussed in plaintiff's brief from this litigation because in none of the prior cases "was there a previously-filed Federal Court action pending between the same parties which involved the same transaction as formed the basis of the removed action."[4] Although previous decisions may not be factually equivalent to this proceeding, nonetheless, they substantiate the view that removal is appropriate only when resolution of the federal issue

3. In United Artists Corp. v. Ancore Amusement Corp., 91 F.Supp. 132 (S.D.N.Y.1950), the defendant alleged antitrust violations in defense to a state court action. The plaintiff had sued in state court to recover rentals allegedly due under contracts for exhibition of motion picture films. The defendants removed the action to federal court and counterclaimed, alleging that the contracts sued upon were illegal because the plaintiff and other motion picture distributors were engaging in an unlawful monopoly in violation of the Sherman and Clayton Antitrust Acts. The federal court remanded, ruling that the defendants could not create a right to remove by setting forth a removable claim in their own pleading, even though the state court would have no jurisdiction over the antitrust counterclaim upon remand. 91 F.Supp. at 133.

4. Willingham v. Creswell-Keith, Inc., 160 F. Supp. 741 (W.D.Ark.1958), originally was basically equivalent to the litigation before this court. A federal court action was ini-

tiated seeking to rescind an agreement for the purchase of interest in an oil and gas lease and to recover the consideration therefor on the ground that the sellers had violated the Securities Act of 1933. The defendants in the federal action subsequently instituted state court litigation petitioning for the amount due on, and specific performance of the oil and gas lease purchase agreement. The defendants in the state court action removed the suit to federal court and sought consolidation with their federal suit based on the Securities Act of 1933. Before the court had an opportunity to rule on this motion, the Securities Act action was dismissed due to lack of jurisdiction, and therefore the motion to consolidate was moot. The court then remanded the suit on the oil and gas lease purchase agreement, relying on the firmly established principle that removal jurisdiction is not conferred because defendant depends on federal law as a matter of defense. 160 F.Supp. at 744.

may be necessary before plaintiff initially can establish his right to relief.[5]

Litigation analogous to the present controversy has occurred within our circuit. In Potter v. Carvel Stores of N. Y., Inc., 203 F.Supp. 462 (D.Md.1962), aff'd, 314 F.2d 45 (4th Cir. 1963), the plaintiff (*Potter*) filed a complaint in federal court alleging violations of the Sherman and Clayton Acts regarding franchise agreements whereby *Potter* was to become a franchised dealer in soft ice cream. Subsequently, the defendant (Chain) in the federal action instituted a suit in the Maryland state courts seeking overdue rent and costs which were allegedly due under the franchise agreement. *Potter*, defending in the state court action, removed the controversy to federal court and additionally sought to enjoin Chain from attempting to enforce the franchise agreement by proceeding with the Maryland state court action because it involved the same issues which were before the court in the antitrust litigation. The court, therefore, was presented not only with the question of removal, but also whether it should enjoin concurrent state court litigation. In denying injunctive relief and granting Chain's motion to remand, the court declared "no proper basis for removal ever came into existence as required by 28 U.S.C.A. § 1441." 203 F.Supp. at 466. Even if removal had been appropriate it would have been unavailable due to Potter's failure to comply with the time limitation contained in § 1446(b). Nevertheless, it is evident that the court concluded that the prior federal antitrust action did not authorize removal of the state court suit on the franchise agreement. The precedential value of this decision, however, is diminished by the Fourth Circuit's affirmance. Its per curiam opinion dealt only with denial of injunctive relief, and

---

5. A case very similar to this one is Goldberg v. Stevens, 184 F.Supp. 940 (E.D.Pa. 1960). *Goldberg* entailed not only an alleged antitrust violation, but additionally, concurrent federal and state court litigation. The plaintiff in the antitrust action, Baldwin Overall Rental Service, Inc., a renter of industrial garments, alleged that the defendant Pennsylvania Overall Rental Service, Inc., conspired with others in the industrial garment industry to fix prices, allocate customers and rig bids. Subsequently, *Goldberg*, who had purchased Pennsylvania and agreed to employ one Stevens in a managerial capacity, subject to certain restrictive covenants should he leave the company, sued in state court to enjoin Stevens from committing acts allegedly in violation of the restrictive covenants. Stevens had terminated his employ with Pennsylvania and accepted employment with Baldwin. Therefore, an employee of the plaintiff-corporation in the antitrust action was being sued in state court by the purchase of one of the defendant-corporations in the antitrust litigation. *Goldberg* petitioned to enjoin Stevens from disclosing to Baldwin any information which was obtained during his employment with Pennsylvania for use by Baldwin in support of its antitrust claim against *Goldberg* or Pennsylvania. Defendant-Stevens sought removal asserting that the federal district court had jurisdiction because *Goldberg* was seeking to suppress evidence to be used in a pending federal action under the antitrust laws. In remanding to the state court, the federal court declared:

> *Goldberg's* claimed right to suppress Stevens' evidence has it genesis in the Pennsylvania common law concerning covenants not to compete and not in any federal law. Whether or not evidence acquired by Stevens from his former employer is admissible in the federal antitrust suit is a completely different question than whether or not Stevens has a duty to his former employer to refrain from divulging such information. The former question turns solely upon evidentiary rules which are not directly concerned with the source of the offered information, but rather with its relevancy, materiality, competency, etc. The latter question, in contrast, turns solely upon the source of the information, its nature, the circumstance under which it was acquired, etc.

184 F.Supp. at 942–943.

The court ruled that Stevens' former employer's right to enjoin disclosure by Stevens was based entirely on state law, and resolution of this question was not determinative of the admissibility of this information in federal court. Since the action initiated in state court turned upon state law, the court determined it should properly be resolved in state court.

was less than definitive on this point.[6] It is arguable, therefore, that the defendants in this case are not entirely foreclosed from removing the state court action.

In the face of the substantial case law in opposition to their motion, the defendants rely on the policy of the Federal Rules of Civil Procedure in asserting that remand would be inconsistent with the objectives of modern procedural improvements. Defendants contend that since plaintiff's claim in the state action arises out of the same transaction that is the subject matter of defendants' antitrust suit, under the compulsory counterclaims provision of Rule 13(a) of the Federal Rules of Civil Procedure, the plaintiff will be required to state as a counterclaim in its answer to defendants' pending federal antitrust action, the very claims which it is seeking to remand. In addition, defendants argue that the three actions plaintiff seeks to remand match the criteria required for consolidation with defendants' pending antitrust suit under Rule 42(a); a motion which defendants intend to file. In conclusion, defendants assert that to require the unnecessary cost and delay inherent in pursuing parallel actions in state and federal courts thwarts the obvious purposes of Rules 13(a) and 42(a).

■ Examining defendants' consolidation argument first, it appears that defendants have placed the proverbial "cart before the horse." Judicial economy certainly demands consolidation "when actions involving a common question of law or fact *are pending before the court*." Fed.R.Civ.P. 42(a) (emphasis supplied). However, if plaintiff's action on the promissory notes is not proper for removal it is not "pending before the court", and this court has no authority to consolidate an action of which it has jurisdiction with one of which it does not. As previously noted, precedent strongly opposes removal in this situation, and although in similar circumstances consolidation has been granted, these decisions are distinguishable from the present controversy.[7] Since the court believes removal is improper, it necessarily has no authority to consolidate.

Assuming Appalachian's motion to dismiss in the antitrust litigation is denied, the defendants are correct in their contention that Appalachian must then assert its claim on the promissory notes as a compulsory counterclaim pursuant to Rule 13(a) in the antitrust action. The result will be concurrent state and federal litigation involving the same claim—Appalachian's right to recover on the promissory notes. Furthermore, as defendants assert, the general objective underlying Rule 13(a) of avoiding the cost and delay inherent in multiple suits will be controverted.

■ Nevertheless, this policy is outweighed by a higher principle, the prohibition against federal interference with state court litigation. Analogy can be made to the general prohibition against enjoining state court action contained in 28 U.S.C. § 2283.[8] Where federal antitrust litigation has been fol-

---

6. The Court of Appeals held:
 Under the circumstances more fully disclosed in the opinion of the District Judge, and for the reasons stated by him, we think that the refusal to enjoin the state court proceedings is unassailable on appeal. If he might have granted the injunction, denial of the motion was certainly within the range of the discretion lodged in him and is consistent with the principle of Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475.

7. In B. B. Weit Printing Co. v. Frances Denney, Inc., 300 F.Supp. 405 (S.D.N.Y.1969)

and Channel Mkting., Inc. v. Telepro Ind., Inc., 45 F.R.D. 370 (S.D.N.Y.1968), neither court analyzed the question of removal. Apparently removal was affected without objection and all parties in both cases had expressed a desire to consolidate.

8. A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

lowed by state court litigation involving the transaction which formed the basis of the antitrust action, and additionally the plaintiff in the state court suit has counterclaimed in the federal action, the courts have consistently refused to enjoin the state court proceeding. *E. g.*, Reines Distributors, Inc. v. Admiral Corp., 182 F.Supp. 226 (S.D.N.Y.1960); *cf.* Nolen v. Hammet Co., 56 F.R.D. 361 (D.S.C.1972). The state court, if it is so inclined, may stay its proceeding in order to effectuate the general policy in state and federal courts against multiplicity of litigation.[9] But the state court is not required to do so and both actions may proceed to judgment.[10] The existence of parallel proceedings in state and federal court presents multiplicity of suits, with inconvenience, or even harassment, nonetheless, the state court proceeding cannot be enjoined because of the provisions of 28 U.S.C. § 2283.

■■■■■ Although these decisions are based on the explicit statutory directive contained in the anti-injunction statute, the reasoning therein is applicable to defendants' motions for removal and consolidation. If removal were granted the state court litigation would be terminated. While this would be consistent with judicial economy, it is drastically opposed to the deference federal courts must accord to state court jurisdiction. The necessity of pleading a cause of action as a compulsory counterclaim in a federal action does not deprive the state court of jurisdiction of a

claim created by state law. The counterclaim cannot alter the basis of the cause of action; it has its genesis in state law and therefore is inadequate to confer federal removal jurisdiction pursuant to 28 U.S.C. § 1441(b).[11]

For the aforementioned reasons these three actions are remanded to the Court of Law and Chancery of the City of Roanoke, Virginia.

9. Sparrow v. Nerzig, 228 S.C. 277, 89 S.E. 2d 718 (1955); Conrad v. West, 98 Cal.App. 2d 116, 219 P.2d 477 (1950); Coates v. Ellis, 61 A.2d 28 (D.C.Mun.App.1948).

10. Dixie Ohio Express Co. v. Eagle Express Co., 346 S.W.2d 30 (Ky.1961); Hubbs v. Nichols, 201 Tenn. 304, 298 S.W.2d 801 (1957).

11. Plaintiff's action in the Court of Law and Chancery will be limited to consideration of the validity of the promissory notes executed by defendants. The defendants will be unable to assert their antitrust claims, and these allegations will properly be resolved in federal court. Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679 (1902), and its progeny firmly establish the

principle that in a state court suit upon a contract the purchaser cannot refuse to comply with his contractual obligations by asserting illegality based on an alleged violation of the antitrust laws. The effect of illegality under the federal antitrust statute is a matter of federal law and should be resolved in federal court. *E. g.*, Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959). Additionally, the circumstances of this case are not within the rule established by Continental Wall Paper Co. v. Voight, 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486 (1908), because the contract involved is not inherently illegal so as to bring it within the principle that courts will not exert their powers to enforce illegal contracts or to compel wrong-doing.