Totten, J.,
delivered the opinion of the court.
This is an attachment bill in chancery, at Gallatin, to subject an interest in remainder in land and slaves, to the payment of a debt.
The plaintiffs reside in the State of New York, and on the 6th of May, 1842, in the circuit court of the Hnited States, at Jackson, Mississippi, they recovered a judgment for four thousand four hundred and eighty-six dollars and four cents, against said Nathaniel and Daniel Nye. Execution was issued on this judgment, and returned nulla Iona. On the 20th February, 1843, Daniel "W, Nye was discharged in bankruptcy, and the validity of his discharge seems not to be contested. In 1848, the plaintiffs instituted a suit in the superior court of chancery, in the State of Mississippi, against said Nathaniel Nye, and others, the object of which was, to discover and to subject assets fraudulently concealed, to the satisfaction of said judgment. Pending that suit, the present one was instituted in chancery at Gallatin, in which it further appears, that S. Nye died in 1850, leaving his last will and testament, by which he devised and bequeathed to his wife, Elizabeth, all his real and personal estate, “ dwri/ng her widowhood,” and at her death, or marriage, the same to be equally divided amongst his children, named in the will, the said Na *517 thaniel G-. Nye, being one of them. Elizabeth Nye is in tbe possession of the estate, under the will, and it being suggested that the slaves would probably bci removed to the prejudice of this suit, the tenant for life is made a party, and an injunction was issued, to restrain the removal of the slaves. Nathaniel G. Nye is a citizen of the State of Mississippi, and his interest in remainder, under said will, and which is attached in the present proceeding, is estimated at some two thousand dollars. It is a joint interest with the other tenants in remainder, claiming under the same will. The bill was dismissed by the chancellor, and the plaintiffs have appealed to this court.
1. The defendant, Nathaniel G-. Nye, insists that his interest in remainder, in said property, is not liable to be attached and sold in satisfaction of said judgment, because an interest in remainder is not subject, under the law, to judicial sale, for the payment of debts.
The act of 1836, ch. 43, § 1, provides, that, “when any person, or persons, who are non residents of this State, have any real or personal property, of either a legal or equitable nature, or any dioses in action, within this state,” &c., it shall be lawful for a creditor, “without first having recovered a judgment at law,” to file a bill in chancery, to have said real or personal property, dioses in action, and debts attached? This act applies expressly, to non-resident, as well as resident creditors. The act' of 1838, ch. 166, § 1, contains, in effect, the same provisions. It applies to a non-resident debtor, who “shall have property, debts, or other effects within this state,” and makes the same liable to attachment in chancery, for the payment of his debts. The words of the act of 1836, are: “Any real, or personal property, *518 of either a legal or equitable nature;” those of the act of 1838, are “"property, debts, or other effects.”
Now, what is the nature of defendant’s interest in the land and slaves attached? It is a vested remainder; it being a present, fixed right of future enjoyment at the termination of the estate of the tenant for life. “Tested remainders, says Mr. Kent, are actual estates, and may be convoyed by any of the conveyances operating by force of the statute of uses; ” 4 Kent’s Com., 201, and 149. This applies, of course, to real estate; but it is equally true that a vested remainder in personal estate, may be conveyed by deed, or any informal writing; which will be instead of an actual delivery of possession. A remainder being an actual estate, it must be considered a property in the sense of the statute; as much so as the particular estate, for it is a fixed and present right to take effect in possession, after the [Darticular estate is spent. The various interests, says Mr. Kent, into which an estate may be divided thus, make, for many purposes, but one estate, being different parts, or portions, of the same entire inheritance; 4 Kent’s Com., 198. The one is as much property as the other; the difference consists only in the time of its enjoyment. We need hardly observe, that the same rales apply in this respect, to the personal estate; 2 Kent’s Com., 352. It seems to ns, therefore, that a vested remainder, in real or personal estate, is properly, in the sense of the statute, and subject to be attached in chancery for the payment of debts.
The case of Allen vs. Scurry, 1 Yerg. R., 36, is not in conflict with the present judgment. In that case, it was held, that an interest in remainder, in a personal chattel, could not be sold under the writ of fieri fa~ *519 oias, at tbe common law; ■ because tbe officer could not take possession at tbe levy, nor deliver it at tbe sale; botb of wbicb are essential to a valid proceeding, under this writ, at tbe common law. It is true, that Whyte, J., in delivering tbe opinion, places it also, on another ground: tbe probable sacrifice of property, on account of tbe uncertainty, as to tbe time when tbe estate might come into possession; but certainly, the first is tbe true legal reason.
We may observe further, upon tbe doctrine of this case, wbicb we are not disposed to disturb, that if there be no remedy at law to subject a debtor’s estate held in remainder; for that reason, there should be a remedy in equity. For we can see no reason or justice in tbe proposition, wbicb maintains that tbe debtor shall bold bis estate and tbe creditor go unsatisfied. We perceive no force in tbe argument, that the estate might be sacrificed. This is not to be presumed; on tbe contrary, we are to presume that it will sell for its reasonable value, wbicb can, in most cases, be easily ascertained. Besides, tbe argument will apply as well, to every forced or judicial sale, where property is sold to tbe highest bidder; why may not tbe value of an interest in remainder, be known and given, as well at a forced as at a voluntary sale ? A debtor may indeed, vest bis entire present funds in tbe purchase of a remainder; shall be be allowed to bold it to tbe prejudice of bis creditor? We are satisfied, botb upon reason and authority, that interests in remainder are subject to tbe payment of debts. We may add, that this view of tbe subject, conforms, as we think, to tbe present policy of tbe law, wbicb, after abolishing imprisonment for debt, evidently intends to subject every *520 species of property, to which the debtor has right, to the payment of his debts. See act of 1832, ch. 11.
2. In the next place, the counsel for defendant insists that the plaintiffs ought not to be permitted to maintain the present suit, because the suit in chancery in the State of Mississippi, to obtain satisfaction of the same judgment, had been previously instituted, and was yet pending at the commencement of the present suit.
The suit in Mississippi has no reference to the property here in question, its object being to discover and subject such assets of the debtor as may be locally situated in that State; whether an amount sufficient to satisfy the judgment or any considerable part of it, may be realized in that suit, does not appear, nor can appear, until its termination.
In the meantime, we can see no legal or reasonable objection to the institution of the present suit, to obtain the further security of an attachment upon the debtor’s property situated in this.State, if the creditor have reason to believe the former suit to be of doubtful or contingent result.
It is a remedy to which he, as a creditor, is entitled under the statute; and we are not aware of any legal ground, upon which we can repel him. Certainly he is entitled to but one satisfaction, and if he obtain it in the foreign suit, he will not be allowed to receive it here; but may, in that event, be subject to the costs of the present suit, especially if it appear that it was not probably necessary for his security.
The mere pending of a suit in a foreign court, cannot be pleaded in abatement, or in bar to a suit in our own State upon the same matter; Mitchell vs. Bunch, 2 Paige R., 620. And it is generally true, *521 that a court of chancery here, in the exercise of its injunctive power oyer the person of a party, has not any proper authority to restrain a suit previously instituted in the courts of another State or of the United States. Both comity and public policy forbid the exercise of such a power; Mead vs. Merritt, 2 Paige, 404; Diggs vs. Wolcott, 4 Cranch, 179.
¥e are satisfied that on both the questions relied upon, the decree of the chancellor is erroneous.
The decree will be reversed and the cause remanded to be further proceeded in, in conformity to this opinion. Judgment reversed.