[Civ. No. 17421.   Second Dist., Div. Two.   June 15, 1950.]

W. E. CONRAD, Respondent, v. MABEL E. WEST, Appellant.

George W. Manierre and Paul G. Breckenridge for Appellant.

Leonard Wilson for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an unlawful detainer action, defendant appeals.

*Facts:* Plaintiff, the owner of a dwelling house, leased it under a rent control "ceiling" of $75 per month. After a time plaintiff regained possession of the premises on the theory that it would be used for business property. However, without making any changes in the house he leased it to defendant for a two-year term at a rental of $350 per month. Defendant, upon learning that the "ceiling" on the property was $75, on May 13, 1948, commenced an action in the United States District Court, Southern District of California, to recover from plaintiff liquidated damages for rent paid in excess of the maximum rent together with reasonable attorney's fees and costs. On June 18, 1949, plaintiff filed the instant unlawful detainer action in the Superior Court of Los Angeles County seeking to recover possession of the property from defendant. Defendant by her answer and motions in the trial court alleged the pendency of the action in the United States District Court and sought to have the superior court abate the present action until the suit pending in the federal court had been disposed of. Such motions were denied and the superior

court proceeded to try the unlawful detainer action giving judgment in favor of plaintiff.

*Question: Did the trial court commit prejudicial error in refusing to abate the present action pending the outcome of the suit in the United States District Court?*

This question must be answered in the affirmative and is governed by these pertinent rules:

1. When a state court and a court of the United States may each take jurisdiction of an action, the tribunal where jurisdiction first attaches holds it to the exclusion of the other until its duty is fully performed and the jurisdiction involved is exhausted. (*Morrow* v. *Superior Court,* 9 Cal.App.2d 16, 22 [48 P.2d 188, 50 P.2d 66] ; *Ponzi* v. *Fessenden,* 258 U.S. 254, 256 [42 S.Ct. 309, 66 L.Ed. 607] ; *In re Cohen,* 198 Cal. 221, 227 [244 P. 359] ; *Cutting* v. *Bryan,* 206 Cal. 254, 257 [274 P. 326].)

2. Plaintiff in the superior court action could have filed a counterclaim in the federal court action seeking to evict the tenant (defendant in the superior court action) from the leased premises. In such a case the federal court would have had jurisdiction of the action in the nature of unlawful detainer. (See Federal Rules, rule 13, subds. (a), (b), (c), 28 U.S.C.A. (1941) § 723c, p. 471\*; *Franzen* v. *Chicago, M. & St. P. Ry. Co.,* 278 F. 370, 371; *Stoltz* v. *United States,* 99 F.2d 283; *McCauley* v. *Hazlewood,* 59 F. 877 [8 C.C.A. 339] ; *Holtz* v. *Nixon,* 141 F. 952 [73 C.C.A. 268] ; *Lehnen* v. *Dickson,* 148 U.S. 71 [138 S.Ct. 481, 37 L.Ed. 373].)

Applying the foregoing rules to the facts of the present case it is evident that defendant's motion to abate the present proceedings pending the disposition of the action in the United

---

\*Rule 13, subdivisions (a), (b), and (c) of the Federal Rules of Civil Procedure read: ''Counterclaim and cross-claim. (a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be stated if at the time the action was commenced the claim was the subject of another pending action.

(b) Permissive counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

(c) Counterclaim exceeding opposing claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding the amount or different in kind from that sought in the pleading of the opposing party.''

States District Court should have been granted since under rule 1, *supra,* the United States District Court first obtained jurisdiction, and under rule 2, *supra,* plaintiff, if he had been entitled thereto, could have obtained by counterclaim in the federal court the same relief which he is seeking in the present action.

In view of our conclusion it is unnecessary to discuss other matters argued by counsel.

The judgment is reversed with instructions to the superior court to abate the present action until a decision of the action pending before the United States District Court has become final.

Moore, P. J., and Wilson, J., concurred.