CHARLIE HUBBS

*v.*

O. P. NICHOLS and W. E. COKER, Co-Administrators of the Estate of MATTIE NICHOLS, Deceased.

(*Knoxville,* September Term, 1956)

Opinion filed December 7, 1956.

Petition Denied February 8, 1957.

POORE, COX, BAKER & McAULEY, Knoxville, for plaintiff in error.

JENKINS & JENKINS, Knoxville, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Hubbs instituted this suit in the Circuit Court of Knox County to recover a personal judgment against the administrators of Mrs. Mattie Nichols for damages alleged to have been received in an automobile accident in which Mrs. Nichols lost her life. The accident occurred in that county. Mrs. Nichols and Hubbs were residents thereof. These administrators, one of whom was not a resident of Tennessee, plead in abatement that a suit commenced by the administrators growing out of the same transaction for the recovery of damages against Hubbs is pending in the United States district court at Knoxville. The court sustained the plea and dismissed Hubb's suit. Hubbs has appealed to this court, the facts being stipulated in the trial court.

While the assignments of error do not satisfactorily comply with Rule 14, nevertheless, they are not entirely insufficient. The motion to strike these assignments will be overruled. See *Nunn v. Walker,* 186 Tenn. 685, 688-689, 212 S.W.2d 665.

Under Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., a claim which the defendant in a suit pending in the federal court conceives himself to have against the plaintiff in that Court, if growing out of the same transaction, must be presented to that federal court in its pending cause as a counter-claim. Because of this fact Hubbs could prosecute his claim against the plaintiffs in the federal court case by way of a counter-claim. Therefore, the administrators insist that he, Hubbs, is precluded from instituting an independent suit in the state court on this claim.

The Trial Judge in the state circuit court observed that in as much as "the authorities seem to be conflicting" he "would look to the reasonableness of this situation as it now stands". He concluded that "when two Courts have equal jurisdiction then the litigation should be tried in the Court which first takes jurisdiction."

■ This conclusion, though plausible in one aspect, overlooks the fact that state and federal courts derive their authority from entirely different sources. That being true, if Hubbs has the right to bring his suit in the state court, then, that Court cannot be closed to him on the ground that his opponent desires that the matter be litigated in the forum of an unrelated jurisdiction.

■ The conclusion also overlooks the fact that neither our State Court, *Lockwood v. Nye,* 32 Tenn. 515, 520, and *Stoll v. United States Fidelity & Guaranty Company,*

10 Tenn. App. 539, 541, nor our Federal Court, *American Automobile Insurance Company v. Freundt,* 7 Cir., 103 F.2d 613, 616, "as between state and federal courts, recognize the rule of abatement", as a matter of comity, or the balance of convenience rule in *personam* actions sought to be maintained solely to recover a money judgment.

■ Rule 13(a), *supra,* did not enlarge, or propose to make more exclusive, the jurisdiction of the federal court in such in *personam* actions. Read *Red Top Trucking Corporation v. Seaboard Freight Lines, Inc.,* 35 F.Supp 740.

■ In the United States supreme court case of *Kline v. Burke Construction Company,* reported in 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, 1081 the Court held the general rule to be "that where the action first brought is in *personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded". This is the general rule.

"In the application of the doctrine of 'another action pending,' each state is regarded as foreign to every other state; and hence, the pendency of an action in *personam,* or transitory action, in one state cannot, as a general rule, be pleaded in abatement of an action subsequently commenced in another state between the same parties for the same cause of action", citing many cass. 1 C.J.S., Abatement and Revival, sec. 65, p. 98.

The text of 1 American Jurisprudence, section 38, page 41, citing numerous cases, is of identical effect.

At Section 40, page 44, the text of 1 American Jurisprudence is that this general rule "finds application where separate suits are pending at the same time, one in a Federal Court and one in a state court;" And this rule applies "whether the two courts are sitting in different states or in the same state", page 45. To the same effect, see 1 C.J.S. Abatement and Revival, sec. 67(a), p. 101, and the cases cited thereunder.

█ The authorities likewise take note of the fact that the same rule applies with reference to the right to file a cross-action in one of the two jurisdictions. It is stated thus in 1 American Jurisprudence, Section 37, page 41:— "According to the great weight of authority, the pendency of an action in which the defendant could avail himself of a claim against the plaintiff by way of set-off, counterclaim, or cross petition, cannot be asserted in abatement of the subsequent action commenced by the defendant against the plaintiff on such claim", citing cases. Such a defendant may maintain, as a plaintiff, his independent action in another Court having jurisdiction. *Seager v. Foster*, 185 Iowa 32, 169 N.W. 681, 8 A.L.R. 690.

The defendants-in-error cite three cases in support of the action of the trial court. The first, *Conrad v. West*, 98 Cal.App.2d 116, 219 P.2d 477, is a California case wherein there is a suit for an unlawful detainer, the defendant having a prior action pending on rent ceiling in the federal district court. The second is a District of Columbia case of *Coates v. Ellis*, D.C.Mun.App., 61 A.2d 28. The third is the Kentucky case of *Gish Realty Company v. Central City, Ky.*, 260 S.W.2d 946.

■ The California case involves an *in rem*, or *quasi in rem*, suit in that it involves a dispute as to the possession of the realty involved in litigation. Such cases are governed by a different rule because when one court takes into its possession "a specific thing, that *res* is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty". *Kline v. Burke Construction Company, supra,* 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. at page 1081.

In the District of Columbia case both Courts were under federal jurisdiction. Perhaps that is somewhat analogous to a case pending in one county of Tennessee when another in *personam* action arising, out of the same transaction is sought to be maintained in another court of the state. Otherwise, we are not able to distinguish the case other than to say that it, like the Kentucky case mentioned, *supra,* is contrary, in this court's opinion, to the great weight of authority, and is not as well supported by reason, or our notion of the sovereignty of each of the Courts within a jurisdiction bestowed by entirely different governmental entities.

■ The judgment will be reversed, the plea in abatement overruled, and the cause remanded for further proceedings. The costs in the circuit court will await the outcome there. The costs of this appeal will be adjudged against defendants-in-error.

## On Petition to Rehear

The petition to rehear attacks in two respects this court's opinion to the effect that the pendency of the tort action in federal court against Hubbs does not abate Hubbs' subsequent independent suit in the State Court

asserting a claim which grew out of the same transaction. The basis of the attack is, of course, the Federal Civil Procedure Rule 13(a) requiring that a defendant to a tort action pending in federal court assert by way of a counterclaim his alleged rights growing out of the same transaction.

The first insistence is that a Federal Statute takes precedence over a conflicting law of a State, and that the Federal Rules of Civil Procedure have the force and effect of a Federal Statute. Though the premises be granted, the conclusion, in so far as it applies to this case, does not follow.

■ The scope of these Federal Rules is procedure in Federal Court in suits instituted in that Court. Rule 1, in so far as material to the point, is as follows:

"Scope of Rules—These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity* * *."

The suit with which this case is concerned is one instituted in a state court; hence, beyond the declared scope of the Federal Rule.

The next insistence is that the adjudication of this Court in this case is contrary to a statement made in its opinion in *Roy v. Brittain,* — Tenn. —, 297 S.W.2d 72, 74. That statement is to the effect that the federal court, having first acquired jurisdiction, retains it "to the exclusion of all other Courts".

■ The Roy Brittain case was a suit sought to be maintained in our state court for the purpose of preventing by direct or indirect means the attendance of negro

children at a certain public school attended by white children at Clinton, and wherein the federal court had previously prohibited involuntary segregation. Aside from anything else that might be said, the fact is that the federal district court in the instant case never obtained jurisdiction of Hubbs' claim because Hubbs had never asserted any claim in federal court.

The petition to rehear will be denied.