**CITY OF NEWPORT, Tennessee, and The Newport, Tennessee Regional Planning Commission, Plaintiffs/Appellees,**

v.

**MASENGILL AUCTION CO., and Wyndham H. Gabhart, Defendants/Appellant.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Nov. 30, 1999.

Certiorari Denied by Supreme Court April 24, 2000.

Wyndham H. Gabhart, pro se.

William O. Shults, Newport, for the appellee.

## OPINION

SWINEY, J.

The basis of this appeal is a challenge to the jurisdiction of the Trial Court by Defendant/Appellant, Wyndham H. Gabhart, Esq. Defendant Gabhart asserts that the jurisdiction of the Cocke County Chancery Court over a suit filed by Plaintiffs City of Newport (hereinafter, "Newport") and the Newport, Tennessee Regional Planning Commission (hereinafter, "Commission") was absent because of a prior, related, suit filed by Gabhart in a United States District Court. Gabhart, after receiving communications from Plaintiffs regarding their position that Gabhart's property was not in compliance with Commission regulations, filed suit in the United States District Court. This federal court action sought an injunction against Newport to prevent it from interfering in an auction of Gabhart's property at issue, and was filed a few days before the Chancery Court suit was filed by Plaintiffs. Plaintiffs alleged in their Chancery Court complaint that a parcel under the statutory authority of the Commission was advertised for sale by auction as a subdivision, and that the subdivision plan had not been properly submitted and approved under Commission regulations.

Gabhart participated by telephone in a hearing on the temporary restraining order, and apparently asserted at that time that his subdivision had been approved by the Cocke County Regional Planning Commission, an entity unrelated to Plaintiff Commission, and that his prior filing in federal court served to prevent jurisdiction in the Cocke County Chancery Court. The Chancellor granted Plaintiffs a temporary restraining order forestalling the auction of the property, and later extended the order by temporary injunction pending trial. Gabhart eventually filed his Answer "Under Protest," alleging status as a resident of Mississippi, and asserting that he did not submit to the jurisdiction of the Trial Court "under Federal Rules of Civil Procedure 12b(2)." [sic] Numerous motions, some highly unusual in caption and character, were filed by both sides, heard by the Chancellor prior to trial, and addressed by Orders of the Trial Court. At trial Defendant Masengill Auction Company was represented by counsel, and Defendant Gabhart appeared *pro se*. The Chancellor found that the property at issue fell under the territorial authority of Plaintiffs, and issued an order that, while Defendant Gabhart is free to sell his property, subdivision and development of the property must be in compliance with the rules and regulations of Plaintiff Commission. Gabhart does not appear to appeal the findings of the Trial Court, only the jurisdiction of the Trial Court in this matter. Defendant Massengill Auction Company did not join in this appeal. Therefore, the issue raised on appeal by Gabhart is whether or not Gabhart's prior filing of his federal court suit prevented or eliminated jurisdiction of the Cocke County Chancery Court in this suit filed by the Plaintiffs and now before us. For the reasons set forth below, we affirm the Chancellor's assertion of jurisdiction, affirm the Orders entered, and remand this cause of action to the Trial Court.

### BACKGROUND

This appeal arises out of a property development in Cocke County. Gabhart is an attorney who asserts residency in Mississippi, although he has provided this Court a Tennessee address for matters relating to this appeal. Gabhart purchased a ten-acre lot in the River Chase residential housing development near Newport in 1993. Gabhart then decided to subdivide this parcel into twenty-one smaller residential lots and sell them as part of a development referred to as River Chase II. Between 1994 and 1998, Gabhart built private roads to access the subdivided lots and constructed a boat ramp into the adjoining Holston River, along with certain other improvements. In 1996, a house was built on one of the River Chase II subdivided lots and sold in 1997. In 1998, Gabhart hired Defendant Masengill Auction Company to sell the remaining lots in River Chase II. An auction of the lots was scheduled for July 4, 1998 and advertised in various media.

Plaintiffs aver that upon learning of the proposed sale through Defendants' marketing promotion efforts shortly before the date set for the auction, Defendants were contacted by the Plaintiffs and informed that the property at issue fell within the statutory authority of the Newport, Tennessee Regional Planning Commission, and that the property had not been properly submitted for subdivision compliance review as required by Commission regulations. A special meeting was held by the Commission, and the City of Newport attorney authorized to take action to prevent the sale of what the Commission determined to be nonconforming property within its regulatory domain. The parties differ on whether Gabhart was afforded a meaningful opportunity to attend this special meeting, and it is unclear whether Defendants could have completed the approval process for River Chase II prior to the auction date, even with special consideration from the Commission.

However, Gabhart chose to make a preemptive strike against Plaintiffs, and

filed suit in the United States District Court for the Eastern District of Tennessee. In this federal court action, Gabhart sought relief, under diversity jurisdiction and other grounds, to enjoin the City of Newport from interfering with the pending auction of his property. After the case was transferred from Knoxville, where Gabhart filed, to Greeneville, the District Court entered an order of dismissal *sua sponte*, declaring that the issue asserted was not ripe for adjudication. Apparently on the same day that this dismissal occurred, Plaintiffs filed the present cause of action in the Chancery Court for Cocke County, seeking temporary relief to prevent the auction, and permanent injunctive relief to ensure compliance with Commission regulations. At least as of the time of oral argument, the federal suit was still on appeal by Gabhart to the Sixth Circuit Court of Appeals.

Trial in the Chancery Court of Cocke County was held November 9, 1998, with Plaintiffs represented by counsel, Defendant Masengill Auction Company represented by counsel, and Gabhart appearing *pro se*. The Chancellor heard testimony and examined the exhibits offered into evidence, along with the prior filings of the parties. By Order filed December 2, 1998, the Trial Court permanently enjoined the Defendants from selling the River Chase II subdivided lots until such sale would comply with the Commission regulations and Tennessee statutes, but specifically allowed Defendants to sell the property "as a whole, as the same is shown on the plat of the original Riverchase." The Chancellor, in the transcript of the Opinion of the Court as delivered from the bench and attached to the Order, made a finding of fact that the property at issue "is within the geographical boundaries of the area granted to the City of Newport Regional Planning Commission and that the ... Commission has jurisdiction over that geographical area. It also appears clear and without question that the Cocke County Regional Planning Commission therefore does not have jurisdiction over that area."

The Chancellor expressed sympathy for Defendant Gabhart concerning the issue of the Cocke County Regional Planning Commission acting *ultra vires* regarding the subdividing of River Chase II, but noted that relevant statutory authority, along with the Newport, Tennessee Regional Planning Commission rules and regulations, mandated compliance with the requirements of the Plaintiff Commission before the property could be further subdivided and sold. It is from this final judgment of the Trial Court that Gabhart appeals.

### DISCUSSION

The only issue on appeal is whether the Chancery Court erred in asserting jurisdiction over Plaintiffs' filing in Chancery Court after Gabhart had previously filed a related complaint against one of the Plaintiffs in federal court. As stated by Gabhart, "[t]he only issue raised for review here is notice of federal jurisdiction and jurisdiction may be raised at any time. [ ]" Gabhart's appeal focuses upon the assertion that once he filed suit in federal court, the courts of Tennessee were stripped of jurisdiction over a related matter between the same parties. Although Gabhart is apparently a member of the Mississippi bar and referred to himself as appearing both *pro hac vice* and *pro se* on his filings with this Court, he appears *pro se* in this appeal, and his filings have been treated appropriately in regard to this status. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App.1996).

The issue of whether the Trial Court had jurisdiction in this case is a question of law. Therefore, the standard of review is *de novo* upon the record without a presumption of correctness. *Grace Thru Faith v. Caldwell*, 944 S.W.2d 607, 608 (Tenn. Ct. App.1996).

Gabhart asserts that once the federal district court attained jurisdiction over the parties in that suit and the subject matter, the Tennessee courts were stripped of jur-

isdiction in a related filing. Although the parties differ in the two causes of action in that only the City of Newport and Gabhart were named in the federal court action, with additional parties named in the Tennessee action, this does not materially affect our analysis and opinion under the specific facts of this case. Gabhart cites more than fifty cases as authorities in this appeal, the vast majority from federal courts, seven from the courts of Tennessee, and a few from other states. Rather than distinguish each case individually, it is more appropriate to note that it appears none are on point with the issue on appeal, and few have any relevance to the facts. What several of these cases do stand for is the general proposition that, once a cause of action filed in a state court has been properly removed to federal court under the statutory authority established by the United States Code, the federal court retains exclusive jurisdiction unless and until the case is remanded to state court. However, these cases are clearly distinguished in that the record establishes that this case was never removed from the jurisdiction of the Chancery Court for Cocke County to federal court.

The keystone of Defendant Gabhart's argument is the assertion that:

> Claims original [sic] filed in or removed to, a federal court of a cause of action under diversity of citizenship and/or a federal question divests any state court of jurisdiction to conduct further proceedings and the law makes no distinction between an original 28 U.S.C. § 1331 action, or a diversity action, 28 U.S.C. § 1332, or a removal from state court, 28 U.S.C. § 1446, because either method of invoking federal jurisdiction divests the state court of any jurisdiction.

The cases cited by Gabhart in support of this assertion deal with issues regarding establishing the jurisdiction of a federal court, not divesting state courts of jurisdiction when the state court case has not been removed. *Yarnevic v. Brink's, Inc.,* 102 F.3d 753 (4th Cir.1996) (state court case removed to federal court on diversity grounds); *City of Chicago v. Intern. College of Surgeons,* 522 U.S. 156, 118 S.Ct 523, 139 L.Ed.2d 525 (1997) (dealing with supplemental jurisdiction of federal court over other issues when state court case was removed to district court on federal question grounds); *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469 (6th Cir.1952)(appeal of district court jurisdiction when non-indispensable party is dismissed to preserve diversity); *Gordon v. Longest,* 41 U.S. 97, 16 Pet. 97, 10 L.Ed. 900 (1842)(sum demanded in declaration of damages by plaintiff is amount in controversy to effectuate removal to federal court under diversity jurisdiction, not district court's estimate of potential award).

■ Gabhart's extensive use of ALL CAPS and boldface type in his filings with this Court serves only to amplify the finding that his argument has no voice in the law. Guidance is found, however, in a line of Tennessee precedent. "Jurisdiction is the lawful authority of a court to adjudicate a controversy brought before it. . . . Jurisdiction of the subject matter relates to the nature of the controversy and the type of relief sought." *Young v. Kittrell,* 833 S.W.2d 505, 507 (Tenn. Ct. App.1992) (where the doctrine of former suit pending did not divest the state court of jurisdiction based upon a prior-filed federal court suit). Gabhart raised at the Trial Court and in this appeal, in essence, the doctrine of former suit pending (also referred to as prior suit pending).

In *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 385 S.W.2d 101 (Tenn. 1964), the Court recited the requirements for a successful plea based on a former suit pending:

> [T]he two suits must involve the identical subject matter and be between the same parties and the former suit must be pending in a court in this state having jurisdiction of the subject matter and the parties.

385 S.W.2d at 102.

This court recently held that the defense was still viable in Tennessee. *Hampton v. Tennessee Truck Sales, Inc.,* 993 S.W.2d 643, 646 (Tenn. Ct. App.1999).

■■■ Although a plea of prior suit pending is still a viable defense, our analysis must include additional factors.

In Tennessee a suit is subject to plea in abatement where there is pending another suit on the same subject matter. Caruthers, History of a Lawsuit, Sec. 181, Higgins & Crownover, Tennessee Procedure in Law Cases, Sec. 518(6), has stated a prerequisite which must exist before one of the two cases then pending is subject to being abated:

> The essentials of such a plea are that the two suits must involve the identical subject matter and be between the same parties and the former suit must be pending in a court in this state having jurisdiction of the subject matter and the parties. A plea, whether it be in abatement or in bar, must contain these elements.

In these two suits the United States District Court and the State Court had jurisdiction of the parties and the subject matter, which were the same in both courts, and the identical objective was sought in both suits. Such being the case the decision here is whether a United States District Court, located in Tennessee, is a 'court in this state' as such phrase is used in the above enunciated rule of law.

In the case of *Stoll v. United States F. & G. Company,* 10 Tenn.App. 539, the Court said:

> The pendency of a suit in another state, or in a United States Court, sitting in this state, cannot be pleaded in abatement, or in bar, to a suit in our own state between the same parties upon the same matter. 10 Tenn. App. 539.

The reason supporting the holding in the Stoll case is based on the fact state and federal courts, though located in Tennessee, exist jurisprudentially on separate planes and derive their power from different sovereignties. See *Hubbs v. Nichols,* 201 Tenn. 304, 298 S.W.2d 801 (1956).

Perhaps the most concise statement of the rule under consideration is to be found in 1 Am.Jur. (2d), Abatement, Survival, and Revival, Sec. 18, (1962), wherein the writer states:

> Generally speaking, the federal and state courts that have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties, and the pendency of a *personal action* in either a state or a federal court does not entitle the defendant to abatement of a like action in the other. In *actions in rem* the same rules apply as in other conflicts of jurisdiction, and the court first acquiring jurisdiction of the res retains it until the authority of the court is exhausted or dismissed.

*Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 385 S.W.2d 101, 102–103 (1964)(where the Court found that the prior suit pending analysis applied, even though the defendants in the two cases were not identical, they were in effect the same).

■■■ If the cause of action at issue is *in personam,* having two actions pending between parties who are in effect the same is proper, as long as two Tennessee actions are not at issue.

As to an action In personam or transitory, the prior suit pending issue appears to be settled in this state. Tennessee courts are not bound to stay a proceeding simply because a similar action is pending in another state. The rule is in this type case that the pendency of a suit in a foreign court cannot be pleaded in abatement or in bar to a suit in Tennessee on the same matter. Another statement of the rule can be found in *Hubbs v. Nichols,* 201 Tenn. 304, 308, 298 S.W.2d 801, 803 (1956):

In the application of the doctrine of 'another action pending,' each state is regarded as foreign to every other state; and hence, the pendency of an action in personam, or transitory action, in one state cannot, as a general rule, be pleaded in abatement of an action subsequently commenced in another state between the same parties for the same cause of action, citing many cases. 1 C.J.S. Abatement and Revival s 65, p. 98.

. . . .

As to actions In rem or Quasi in rem on the other hand the following distinction was made in *Hubbs* (201 Tenn. at 310, 298 S.W.2d at 803):

In rem or Quasi in rem ) cases are governed by a different rule because when one court takes into its possession "a specific thing, that Res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty. *Kline v. Burke Construction Company*, 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, 1081.

*Atchley v. Atchley*, 585 S.W.2d 614, 618 (Tenn. Ct. App.1978).

■ The proceeding at issue in Chancery Court is an injunction. "A writ of injunction is a judicial process, operating *in personam*, and requiring the person, to or against who it is directed, to do or refrain from doing a particular thing." *Gibson's Suits in Chancery*, § 574, Injunctive Relief Defined, at 656 (1988).

In the United States supreme court case of *Kline v. Burke Construction Company*, reported in 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, 1081 the Court held the general rule to be 'that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded'. This is the general rule. 'In the application of the doctrine of 'another action pending,' each state is

regarded as foreign to every other state; and hence, the pendency of an action in personam, or transitory action, in one state cannot, as a general rule, be pleaded in abatement of an action subsequently commenced in another state between the same parties for the same cause of action', citing many cases. 1 C.J.S., Abatement and Revival, § 65, p. 98.

The text of 1 American Jurisprudence, section 38, page 41, citing numerous cases, is of identical effect.

At Section 40, page 44, the text of 1 American Jurisprudence is that this general rule 'finds application where separate suits are pending at the same time, one in a Federal Court and one in a state court;' And this rule applies 'whether the two courts are sitting in different states or in the same state', page 45. To the same effect, see 1 C.J.S. Abatement and Revival, § 67(a), p. 101, and the cases cited thereunder.

*Hubbs v. Nichols*, 201 Tenn. 304, 298 S.W.2d 801, 803 (1956).

As this cause of action is *in personam*, the prior suit pending doctrine does not apply to prevent Plaintiffs from invoking the jurisdiction of Chancery Court over Gabhart. The Chancery Court did have jurisdiction, and it was not error for the Chancery Court to proceed to judgment.

Gabhart has raised allegations of inappropriate conduct by the Chancellor in various Trial Court proceedings. In particular, statements during the proceedings attributed to the Chancellor have been called into question. "It is a well-established principle of law in this jurisdiction that: '[a] Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered.' "*Evans v. Perkey*, 647 S.W.2d 636, 641, (Tenn. Ct. App.1982). "We do not review the Court's oral statements, unless incorporated in a decree, but review the Court's

order and judgments for that is how a Court speaks." *Shelby v. Shelby,* 696 S.W.2d 360, 361 (Tenn. Ct. App.1985). However, we have reviewed the entire record in this case and find absolutely no basis for Gabhart's allegations concerning the Chancellor. Gabhart's allegations concerning the Chancellor are stricken as groundless and scurrilous. *Haynes v. Haynes,* 904 S.W.2d 118, 121 (Tenn. Ct. App.1995). *See, McCraw v. Adcox,* 217 Tenn. 591, 399 S.W.2d 753 (1966)(where a *pro se* party was found in criminal contempt for affixing his signature to scurrilous pleadings that attacked the dignity and authority of the court).

After examination of the record on appeal, we find no error in the decision of the Chancellor on the issue of jurisdiction of the Chancery Court for Cocke County to hear this suit.

### CONCLUSION

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged to Appellant.

GODDARD, P.J., and FRANKS, J., concur.