# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 13, 2011

## MALONE F. PITTS ET AL. v. VILLAS OF FRANGISTA OWNERS' ASSOCIATION, INC. ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 36537     James G. Martin, III, Judge**

---

**No. M2010-01293-COA-R3-CV - Filed September 20, 2011**

---

The question presented is whether the trial court erred in dismissing this lawsuit based upon a pending lawsuit in another state. Because the out-of-state lawsuit is not an exercise of quasi in rem jurisdiction, we conclude that the trial court erred in applying the doctrine of prior suit pending. We, therefore, reverse the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Eugene N. Bulso, Jr., and Paul J. Krog, Nashville, Tennessee, for the appellants, Malone F. Pitts, William E. Pitts, Valley Stream Investments, LLC, The S. Malone Foshee Pitts Irrevocable Trust, George Holdings, LLC.

William R. O'Bryan, Jr., and Sarah L. Tally, Nashville, Tennessee, for the appellees, Villas of Frangista Owners' Association, Inc., Tommy Batson, Jon Pound, and Bert Matthews.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

In summarizing this complex litigation, we will limit ourselves to the background necessary to our consideration of the precise issue presented. First, a description of the parties: Malone and William Pitts are residents of Nashville, Tennessee, engaged in real estate development. The other plaintiffs–Valley Stream Investments, LLC ("VSI"), the S. Malone Foshee Pitts 2008 Irrevocable Trust ("the Trust"), and George Holdings, LLC

("GH") are related entities used by the Pitts in their real estate development activities. Villas of Frangista Owners' Association ("VFOA") is the homeowners association for The Villas of Frangista, a residential development in Walton County, Florida; the individual defendants are members of the VFOA board of directors.[1]

PBD Properties, LLC ("PBD"), a limited liability corporation organized by Mr. Pitts, oversaw much of the Villas of Frangista development, including purchasing the land, building houses, and organizing the VFOA. In August 2006, PBD entered into a Ground Lease with VFOA under which the association agreed to pay quarterly fees to PBD for a number of years for use of the common amenities available to the residents of the Villas of Frangista development. PBD subsequently assigned its interest in the Ground Lease to GH, another entity operated by Mr. Pitts.

The Villas of Frangista project was heavily leveraged. PBD borrowed approximately $7.5 million from Fifth Third Bank to finance the construction. GH pledged its interests in the Ground Lease to Cadence Bank as collateral for a line of credit.

The relationship between VFOA and the developers soured, and in June 2009, VFOA filed a lawsuit in Walton County, Florida, against Mr. and Ms. Pitts, Daniel Paulus, and Victor Bowman (all members of the original developer-controlled board of VFOA), GH, Villas Holdings, LLC f/k/a PBD Homes of Florida, LLC, Cadence Bank, and Fifth Third Bank. *Villas of Frangista Owners' Ass'n, Inc. v. William E. Pitts, et al.*, No. 09CA001059 (First Judicial Circuit, Walton County, Fla.) ("Florida lawsuit"). According to the complaint, GH pledged the Ground Lease, "secured by the common elements [of] The Villas of Frangista, as collateral for a loan issued by Cadence Bank," the loan was in default, and Cadence had demanded that VFOA pay $35,000 in quarterly rent plus some $4000 in delinquent fees. Fifth Third Bank also asserted "rights to all common property of VFOA and to any rights held by Defendant Pitts and/or PBD Properties, LLC, which appears to include the common property subject to the Ground Lease."

The Florida lawsuit seeks declaratory relief, injunctive relief, and damages for breach of fiduciary duty related to the Ground Lease. In counts I and II, the plaintiff seeks to have the Ground Lease declared void under Florida law. In count III, the plaintiff requests temporary and permanent injunctions "enjoining all of the Defendants from enforcing any and all provisions of the Ground Lease . . . and granting VFOA and its members the right to use and access to all common property." Counts IV and V are directed at Mr. Pitts, Ms. Pitts, Mr. Paulus, and Mr. Bowman. In Count IV, the complaint alleges that, as officers or members of the original developer-controlled board, these defendants violated their fiduciary

---

[1]Cadence Bank, N.A., another defendant, is not involved in this appeal.

duties to VFOA by unlawfully enriching themselves, specifically by having VFOA sign the Ground Lease with "themselves, or with another entity in which Defendants are or will become substantially interested, or with another for their own personal benefit." In Count V, the plaintiff alleges that the individual defendants violated their fiduciary duties by failing to timely hold elections for non-developer board members and failing to hold annual meetings to update VFOA members on the development of VFOA and to present an annual budget.

The lawsuit on appeal to this court was filed in August 2009 by Mr. and Ms. Pitts, VSI, the Trust, and GH against Cadence Bank, VFOA, Tommy Batson, Jon Pound, and Bert Matthews. This action is based upon the following factual allegations:

•    Cadence Bank issued a line of credit ("LOC") to Ms. Pitts in October 2007 in the amount of $1,479,823.90. The loan had a one-year term and was secured by a deed of trust on the Pitts home on Valley Stream Boulevard in Franklin, Tennessee, and by a guaranty executed by Mr. Pitts. Ms. Pitts made a $980,000 draw on the LOC to purchase the Valley Stream Boulevard home; in late November 2007, she paid the loan down to $5000. She made other draws on the LOC during the initial term, but the balance was down to $15,000 by October 2008.

•    Cadence Bank issued a loan to GH ("GH loan") in July 2008 in the amount of $700,000. The GH loan was for a term of five years and was secured by the Ground Lease and by a collateral assignment of Ms. Pitts's ownership interest in GH.

•    Ms. Pitts applied for renewal of the LOC in October 2008. While the application was pending, Fifth Third Bank filed suit against PBD to recover the $7.5 million PBD borrowed in connection with the real estate development in Florida. As part of this lawsuit, Fifth Third filed a lien lis pendens against the real estate pledged by PBD to secure the indebtedness. The bank also filed suit against Mr. and Ms. Pitts on their personal guaranties.

•    The LOC was renewed (in the amount of $800,000) in February 2009, at which time the Trust and VSI were added as makers of the note. According to the complaint, Cadence Bank renewed the LOC "[w]ith full and complete knowledge of Fifth Third Bank, N.A.'s filing of its foreclosure proceedings in Florida and with full knowledge of the nature of those proceedings."

•    On May 1, 2009, Ms. Pitts received a letter from Cadence Bank freezing the LOC, claiming that it had only recently received notice of the foreclosure action filed by Fifth Third Bank in Florida.

- On May 6, 2009, Cadence Bank declared the LOC to be in default and advised her that all outstanding amounts were due immediately.

- On May 27, 2009, Cadence Bank declared the GH loan to be in default and notified VFOA to make all future payments due under the Ground Lease directly to Cadence Bank.

The plaintiffs in the present action have asserted causes of action for violation of the Tennessee Consumer Protection Act, breach of contract, and injunctive relief. In count I, the plaintiffs allege that Cadence Bank engaged in unfair and deceptive practices under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104, including the following:

a. Wrongfully froze the Line of Credit issued to Mrs. Pitts, the Trust, and VSI;

b. Wrongfully declared a default under the Line and Credit and accelerated payment of the balance thereof;

c. Wrongfully declared the George Loan to be in default;

d. Wrongfully instructed the Association ["VFOA"] to make all future payments due under the Ground Lease to Cadence Bank;

e. Falsely claimed that the George Loan is secured by the Pitts home, and thereby interfered with the Pitts' sale of the home; and

f. Maliciously threatened to institute foreclosure proceedings on the basis of the alleged bogus defaults in an effort to intimidate and harm the plaintiffs.

In Count II, the plaintiffs allege that Cadence Bank breached its contracts–i.e., the LOC and the GH loan–by wrongfully declaring the loans to be in default, accelerating all amounts outstanding under the LOC, instructing the VFOA to make its payments under the Ground Lease to Cadence, and claiming that the GH loan was secured by the Pitts home. Count III requests injunctive relief to enjoin the VFOA "from paying amounts due under the Ground Lease to Cadence Bank." In Count IV, the plaintiffs allege breach of contract by VFOA by failing to make payments due to GH under the Ground Lease.

In September 2009, VFOA and the three individual defendants filed a motion to dismiss the complaint as to them. The grounds for the motion were lack of personal jurisdiction and prior suit pending. On November 9, 2009, the chancellor denied the motion to dismiss. The defendants filed a motion to reconsider. On February 11, 2010, the

chancellor granted the motion to reconsider and granted the defendants' motion to dismiss on the basis of the prior pending suit in Florida. The plaintiffs filed a motion to alter or amend, which the chancellor denied in an order entered on April 20, 2010. In this order, the court characterized the Florida action as quasi in rem.

On appeal, the sole issue presented is whether the trial court erred in dismissing the instant lawsuit based on the doctrine of prior suit pending.

STANDARD OF REVIEW

For purposes of the defendants' motion to dismiss, the relevant facts are not disputed. The application of the doctrine of prior suit pending presents a question of law, which we review de novo with no presumption of correctness. *See West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008); *City of Newport v. Masengill Auction Co.*, 19 S.W.3d 789, 792 (Tenn. Ct. App. 1999).

ANALYSIS

Under the doctrine of prior suit pending, "where two courts have concurrent jurisdiction over a matter, the court first taking jurisdiction acquires exclusive jurisdiction over the matter, and the subsequent action must be dismissed." *Wiley v. Williams*, No. E2005-02518-COA-R3-CV, 2006 WL 929264, at *4 (Tenn. Ct. App. Apr. 10, 2006); *see also Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn. 1964). To justify dismissal under the prior suit pending doctrine, four elements must exist: (1) the two suits involve identical subject matter; (2) the two suits are between the same parties; (3) the prior suit is pending in a court with subject matter jurisdiction over the dispute; and (4) the prior suit is pending in a court with personal jurisdiction over the parties. *West*, 256 S.W.3d at 623; *see also Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 746 (Tenn. 2006).

The doctrine of prior suit pending generally does not apply if the prior suit was brought in another state or in federal court. *West*, 256 S.W.3d at 623, n.5 (citing *Hubbs v. Nichols*, 298 S.W.2d 801, 802-03 (Tenn. 1956)). There is, however, an exception to this rule: "In cases involving in rem or quasi in rem jurisdiction, a prior suit pending in a federal court or in the court of another state *will* prevent a party from bringing a second lawsuit in Tennessee." *Id.* The rationale behind this exception is that, "when one court takes into its possession 'a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty.'" *Hubbs*, 298 S.W.2d at 803 (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)).

-5-

Thus, in the present case, the applicability of the doctrine of prior suit pending hinges upon whether the Florida case is an action in rem or quasi in rem. The plaintiffs argue that the Florida case is in personam and the defendants argue that it is quasi in rem.[2] The following statements by the Supreme Court are instructive:

> A judgment in personam imposes a personal liability or obligation on one person in favor of another. A judgment in rem affects the interests of all persons in designated property. A judgment quasi in rem affects the interests of particular persons in designated property. The latter is of two types. In one the plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons. In the other the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him.

*Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958). The second type of quasi in rem jurisdiction described is commonly referred to as attachment jurisdiction and is not at issue here. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 6 cmt. a. (1982).

> The elements necessary for an action quasi in rem have been described as follows:
>
> (1) A res located within the territorial limits of the state in such a way that the state can, if it see[s] fit to do so, exercise absolute power to control and dispose of it. (2) A course of judicial procedure, the object and result of which are to subject the res to the power of the state, directly by the judgment or decree which is entered as distinguished from a course of procedure which only affects or disposes of the res by compelling a party to the action to control or dispose of the res in accordance with the mandate of the judgment or decree. (3) A course of judicial procedure on its face directed specifically toward the res so as to disclose this res to the defendant when reasonably notified of the action.

*Perry v. Young*, 182 S.W. 577, 579 (Tenn. 1916); *see also Gribbel v. Henderson*, 10 So. 2d 734, 739 (Fla. 1942). A review of the Florida complaint leads to the conclusion that this is an action in personam, not an action quasi in rem. While the property at issue is in Florida, this alone does not make the action quasi in rem. There is nothing to suggest that the purpose of the action is to "subject the res to the power of the state" directly or that the action is "directed specifically toward the res." *Perry*, 182 S.W. at 579. The complaint seeks declaratory relief and injunctive relief on the issue of the legality of the Ground Lease as well

---

[2]There is no assertion by the defendants that the Florida lawsuit is an action in rem.

as damages for breach of fiduciary duty. A quasi in rem judgment is limited in effect to the property supporting jurisdiction and cannot impose personal liability on the property owner, who is not before the court. *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977). Here, the relief sought is against the defendants personally for equitable relief and money damages. *See City of Newport*, 19 S.W.3d at 795 (action in federal court seeking injunction was in personam and therefore the doctrine of prior suit pending did not apply).

Moreover, the defendants acknowledge in their brief before this court that, "The court in which the Florida Lawsuit was filed has personal jurisdiction over the parties." Legal commentators have observed that the distinctions between in personam, in rem, and quasi in rem jurisdiction have become obsolete in many situations since the advent of long-arm statutes and the line of court decisions beginning with *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *See Shaffer*, 433 U.S. at 208; RESTATEMENT (SECOND) OF JUDGMENTS § 6 cmt. a.; Jack H. Friedenthal, Mary Kay Kane & Arthur R. Miller, HORNBOOK ON CIVIL PROCEDURE §§ 3.9, 3.15 (4th ed. 2005). As the Supreme Court noted, "to the extent that presence of property in the State indicates the existence of sufficient contacts under *International Shoe*, there is no need to rely on the property as justifying jurisdiction regardless of the existence of those contacts." *Shaffer*, 433 U.S. at 209 n.31.

The defendants cite the case of *Alternative Development, Inc. v. St. Lucie Club & Apartment Homes Condominium Ass'n, Inc.*, 608 So. 2d 822 (Fla. Dist. Ct. App. 1992), for the proposition that suits between developers and associations related to common elements should be classified as quasi in rem. We disagree. In that case, the issue on appeal was whether the trial court had jurisdiction to order the transfer of certain real properties in Florida to the condominium association. *Id.* at 826. It was in that context that the appellate court discussed in rem jurisdiction. As discussed above, the lawsuit in Florida at issue here is not directed specifically at the property but against the defendants personally for damages and equitable relief.

For all of these reasons, we are convinced that the Florida lawsuit represents an exercise of in personam jurisdiction.[3] Therefore, the trial court erred in dismissing the present lawsuit under the doctrine of prior suit pending.

---

[3]We need not determine whether an action quasi in rem requires some form of attachment or seizure of the res because the Florida action does not meet the other criteria for such an action.

CONCLUSION

The judgment of the trial court is reversed. Costs of appeal are assessed against the appellees.

_____
ANDY D. BENNETT, JUDGE